# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BOBBY MAURICE COCHRAN, also known as
BOBBY MAURICE COCHRANE,

        Defendant-Appellant.

UNPUBLISHED
March 31, 2016

No. 323916
Wayne Circuit Court
LC No. 14-003854-FC

Before: RONAYNE KRAUSE, P.J., and SAWYER and STEPHENS, JJ.

PER CURIAM.

Defendant was convicted by a jury of failure to stop at the scene of an accident resulting in serious impairment of a body function, MCL 257.617(2); operation of a motor vehicle with a suspended license causing serious impairment of a body function, MCL 257.904(5); felonious assault, MCL 750.82; and operation of a motor vehicle with a suspended license, MCL 257.904(3)(a).[1]  As a fourth habitual offender under MCL 769.12, defendant was sentenced to prison terms of 76 to 300 months for the failure to stop at the scene of an accident resulting in serious impairment of a body function conviction, 6 to 300 months for the operation of a motor vehicle with a suspended license causing serious impairment of a body function conviction, 76 months to 15 years for the felonious assault conviction, and a jail sentence of 6 six months for the operation of a motor vehicle with a suspended license conviction.  Defendant appeals as of right.  We affirm defendant's convictions, but remand to the trial court for further proceedings consistent with this opinion.

## I.  FACTS

In the early morning hours of April 7, 2014, Amanda Davidson walked from the house of her boyfriend, Leslie McDonald, to a gas station in Detroit.  Davidson noticed defendant's red Cadillac drive down the street next to her and pull in the parking lot of the gas station.  Davidson

---

[1] Defendant was also charged with assault with intent to murder, MCL 750.83, and assault with intent to do great bodily harm less than murder, MCL 750.84.  The jury acquitted defendant of both charges.

-1-

believed that defendant was following her, so she called McDonald to meet her at the station. When McDonald arrived at the station, he approached defendant and asked if defendant was bothering Davidson. Defendant and McDonald briefly exchanged words and McDonald told defendant it would be defendant's last night living. Eventually, Davidson took McDonald by the arm and they began walking home. As they were walking, defendant drove his car into McDonald, running him over, and causing McDonald to suffer severe injuries. Defendant drove away and did not report the incident to police.

During sentencing, at the prosecutor's request, the court assessed 25 points for offense variable (OV) 13, 10 points for OV 17, and 15 points for prior record variable (PRV) 5. The court also assessed 10 points for PRV 6 and 10 points for OV 12. Added to the remaining OV and PRV scores recommended by the probation officer, defendant's total OV score was 81 points and his total PRV score was 90 points. Defendant was sentenced as a fourth habitual offender and defendant's sentencing guidelines range was 24 to 76 months.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that the prosecution did not present sufficient evidence to convict defendant of felonious assault, failure to stop at the scene of an accident resulting in serious impairment of a body function, and operation with a suspended license causing serious impairment of a body function. We disagree.

An appellate court reviews a challenge to the sufficiency of the evidence de novo. *People v Harrison*, 283 Mich App 374, 377; 768 NW2d 98 (2009). The evidence is reviewed in a light most favorable to the prosecution to "determine whether a rational trier of fact could find that the essential elements of the crimes were proven beyond a reasonable doubt." *Id*. at 377-378. "This Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v John Williams*, *Jr*, 268 Mich App 416, 419; 707 NW2d 624 (2005). Any conflicting evidence must be resolved in favor of the prosecution. *People v Jackson*, 292 Mich App 583, 587-588; 808 NW2d 541 (2011).

### A. Felonious Assault

"The elements of felonious assault are (1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Chambers*, 277 Mich App 1, 8; 742 NW2d 610 (2007), quoting *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). Defendant admitted at trial that he was driving the vehicle that struck McDonald causing McDonald's severe injuries. Therefore, defendant concedes that the assault and dangerous weapon elements of this offense have been met. Where defendant assigns error is with the third element requiring intent to injure or intent to place the victim in reasonable apprehension of immediate battery.

The trial court received extensive testimony relevant to the issue of intent. Davidson testified that, when McDonald approached defendant in the gas station parking lot, McDonald told defendant that he may have a gun, and that it would be defendant's last night living. She also testified that, as she and McDonald were walking away from the gas station, she heard screeching tires and turned around to see defendant hit and drive over McDonald with his red

Cadillac. Defendant admits to hitting McDonald but claims he did so by accident. Defendant testified that as he was leaving the gas station, McDonald made a motion towards Defendant indicating that he was pulling a gun. Defendant claims this caused him to duck, hit a pothole, and accidently run over McDonald. Defendant admits that he could have left the parking lot via an alternative exit that did not place him near Davidson and McDonald and that he drove away from and did not return to the scene of the accident.

The jury was shown a video from the gas station's surveillance system appearing to show Davidson being hit by defendant's car but which did not show Davidson making the claimed gesture towards defendant. Defendant was, however, afforded the opportunity to elicit testimony as to why such a motion would not be captured on the surveillance camera. Additionally, both Davidson and McDonald testified that, as a result of the crash, McDonald spent one month in the hospital being treated for brain trauma and torn ligaments in his eye and being fed via a feeding tube. McDonald testified that, as of the time of the trial, he was undergoing physical and speech therapy.

"It is the jury's task to weigh the evidence and decide which testimony to believe." *People v Jones*, 115 Mich App 543, 553; 321 N.W.2d 723 (1982). Conflicting testimony is not sufficient to warrant granting a new trial unless the testimony is "'so inherently implausible that it could not be believed by a reasonable juror.'" *People v Galloway*, 307 Mich App 151, 167; 858 NW2d 520 (2014), reversed in part on other grounds by *People v Galloway*, 498 Mich 902 (2015), quoting *People v Lemmon*, 456 Mich 625, 633-34; 576 NW2d 129 (1998). That the jury in this case chose to believe the prosecution over the testimony of defendant is not grounds to overturn defendant's conviction. Viewed in a light most favorable to the prosecution, the evidence showed that McDonald confronted defendant, defendant hit McDonald with his car, and defendant drove from the scene. This evidence was sufficient to enable the jury to find beyond a reasonable doubt that defendant intended to injure McDonald or place McDonald in reasonable apprehension of an imminent battery. Accordingly, there was sufficient evidence for a reasonable jury to convict defendant of felonious assault.

B. Failing to stop and operating with a suspended license

Defendant next contends that there was insufficient evidence to convict him of failure to stop at the scene of an accident resulting in serious impairment of a body function and operation of a motor vehicle with a suspended license causing serious impairment of a body function because defendant's actions were not the proximate cause of McDonald's injuries.

A driver is properly convicted for failure to stop at the scene of an accident resulting in serious impairment of a body function where the trier of fact determines that (1) the driver has reason to believe that he or she has been involved in an accident, (2) the driver fails to remain at the scene of that accident and (3) that accident results in a serious impairment of a person's body function. MCL 257.617(1)-(2). A driver who has a "reasonable and honest belief that remaining at the scene will result in further harm" is not required to stay at the scene but must "immediately report the accident to the nearest or most convenient policy agency or officer." MCL 257.617(1).

MCL 257.617(2) does not have a proximate cause requirement. Defendant relies upon *People v Feezel*, 486 Mich. 184, 783 N.W.2d 67 (2010), to establish the proposition that his conviction for failure to stop at the scene of an accident resulting in serious impairment of a body function required that he be the proximate cause of the accident. However, *Feezel* merely holds that where a causation requirement exists in a criminal case, both factual and proximate cause must be proven beyond a reasonable doubt. *Id.* at 193-195. The defendant in *Feezel* was convicted under MCL 257.617(3) which increases the penalty for an individual who fails to stop at a scene of an accident where that "accident is caused by that individual [and] results in the death of another individual." *Id.*

However, in this case, defendant was convicted under MCL 257.617(2) which contains no causation requirement. Rather, an individual violates MCL 257.617(2) when he or she is involved in an accident, does not remain at the scene, and the accident results in the impairment of a person's body function. This is true whether or not the driver caused the accident or the impairment. Therefore, whether defendant was the proximate cause of McDonald's injuries is immaterial to his conviction. The record reveals that defendant was involved in an accident with McDonald, McDonald suffered severe injuries impairing his speech and physical abilities, and defendant did not remain at the scene nor report the incident to police. Accordingly, there was sufficient evidence for a jury to convict defendant under MCL 257.617(2) for failure to stop at the scene of an accident resulting in serious impairment of a body function.

An individual violates MCL 257.904(5) (operation of a motor vehicle with a suspended license causing serious impairment of a body function) where that individual, "by operation of [a] motor vehicle, causes the serious impairment of a bodily function of another person." *Id.* Therefore, unlike his conviction for failure to stop at the scene of an accident resulting in serious impairment of a body function, for a jury to convict defendant of operation of a motor vehicle with a suspended license causing serious impairment of a body function, the jury would have to find that defendant's operation of the motor vehicle was both the factual and proximate cause of McDonald's injuries. See *Feezel*, 486 Mich at 193-95. "Factual causation exists if a finder of fact determines that 'but for' defendant's conduct the result would not have occurred." *Id.* at 194-195. "If the finder of fact determines that an intervening cause supersedes a defendant's conduct such that the causal link between the defendant's conduct and the victim's injury was broken, proximate cause is lacking and criminal liability cannot be imposed." *Id.* at 195 (quotation marks and citation omitted).

Defendant stipulated that his license was suspended at the time of the incident. Furthermore, defendant does not contest that "but-for" his operation of the vehicle, McDonald would not have sustained his serious injuries. Defendant contends, though, that McDonald's threatening gesture towards defendant was an intervening, superseding cause of the accident and therefore that there is insufficient evidence for a reasonable jury to find proximate cause. Assuming arguendo that such a gesture may constitute an intervening, superseding cause, nonetheless, video evidence of this gesture did not show up on the surveillance tape. Therefore, the jury was left to determine whether this gesture did, in fact, occur by assessing the testimony of the witnesses at trial. As we explained above, that the jury in this case chose to believe the prosecution's witnesses over the testimony of defendant is not grounds to overturn defendant's conviction. Viewed in a light most favorable to the prosecution, the evidence showed that McDonald made no gesture towards defendant and that defendant ran McDonald over with his

-4-

vehicle. This evidence was sufficient to enable the jury to find beyond a reasonable doubt that no factual cause intervened to break the causal link between defendant's conduct and McDonald's injuries. Accordingly, there was sufficient evidence for a jury to convict defendant under MCL 257.904(5) for operation of a motor vehicle with a suspended license causing serious impairment of a body function.

## C. Testimony of Sergeant Gibson

Defendant also argues that the prosecutor misstated Sergeant Gibson's testimony. However, he does not say how this relates to his sufficiency claim, nor does he provide any legal citations related to prosecutorial misconduct. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Payne*, 285 Mich App181, 195; 774 NW2d 714, 724 (2009). Therefore, defendant forfeits any claim related to these statements.

## III. GREAT WEIGHT OF THE EVIDENCE

Defendant next claims that his convictions for felonious assault, failure to stop at the scene of an accident resulting in serious impairment of a body function, and operation of a motor vehicle with a suspended license causing serious impairment of a body function convictions were against the great weight of the evidence. "To preserve a great-weight claim, a party must move for a new trial in the trial court." *People v Cameron*, 291 Mich App 599, 617; 806 NW2d 371 (2011). Defendant raised this issue in his motion to remand. He did not, however, move for a new trial in the trial court. Therefore, defendant did not preserve this issue for appeal.

When a defendant properly preserves a great-weight claim, this Court must decide "whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *Id*. at 617. "However, when a party fails to preserve a great-weight issue for appeal, an appellate court will look for 'plain error affecting the defendant's substantial rights.'" *Id*., quoting *People v Musser*, 259 Mich App 215; 673 NW2d 800 (2003). The defendant must show that plain error occurred, and that the error prejudiced the defendant's substantial rights by affecting the outcome of the lower court proceedings. *Id*. at 618, citing *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Reversal is only required if the plain error "'affected the fairness, integrity, or public reputation of judicial proceedings.'" *Id*. at 618, quoting *Carines*, 460 Mich at 763.

Defendant's argument on this matter amounts to two perfunctory statements. He states that his felonious assault conviction is against the great weight of the evidence because the intent element was not proven beyond a reasonable doubt. He also states that his failure to stop at the scene of an accident resulting in serious impairment of a body function and operation of a motor vehicle with a suspended license causing serious impairment of a body function convictions were against the great weight of the evidence because proximate cause was not proven beyond a reasonable doubt. Defendant attempts to make his great-weight claims by merely incorporating his sufficiency of the evidence argument by reference. Defendant provides no record citation and no legal research supporting his claims beyond stating the standard of review.

"An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *Payne*, 285 Mich App at 195. It is not the province of this Court to infer defendant's arguments nor to research and present his claim. Defendant's sufficiency of the evidence claims have failed and he provides no explanation as to why the evidence otherwise preponderates so heavily against the verdict that reversal is necessary to protect the fairness, integrity, or public reputation of the proceedings. *Cameron*, 291 Mich App at 617-18. Accordingly, defendant's great-weight claims fail and his convictions are sustained.

## IV. INSTRUCTIONAL ERROR

Defendant argues on appeal that he was denied a fair trial because the court improperly instructed the jury. Immediately following its instruction to the jury regarding the elements necessary for operating with a suspended license causing serious impairment, the trial court informed the jury that defendant had stipulated that his license was suspended at the time of the incident. Though the trial court informed the jury earlier in its instructions that it need not regard stipulated facts as true, defendant claims the trial court was required to give a second identical instruction immediately following the court's instruction regarding the necessary elements for operation of a motor vehicle with a suspended license causing serious impairment of a body function. We disagree. Additionally, defendant asserts that the trial court erred when it declined to instruct the jury using language from *People v Lardie*, 452 Mich 231; 551 NW2d 656 (1996), overruled by *People v Schaefer*, 473 Mich 418 (2005). Again, we disagree.

To preserve a claim of instructional error, a defendant must object to the instruction or request a specific instruction before the jury deliberates. MCL 768.29[2]; MCR 2.512(C)[3]; *People*

---

[2] MCL 768.29 states:

> It shall be the duty of the judge to control all proceedings during the trial, and to limit the introduction of evidence and the argument of counsel to relevant and material matters, with a view to the expeditious and effective ascertainment of the truth regarding the matters involved. The court shall instruct the jury as to the law applicable to the case and in his charge make such comment on the evidence, the testimony and character of any witnesses, as in his opinion the interest of justice may require. The failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested by the accused.

[3] MCR 2.512(C) states:

> A party may assign as error the giving of or the failure to give an instruction only if the party objects on the record before the jury retires to consider the verdict (or, in the case of instructions given after deliberations have begun, before the jury resumes deliberations), stating specifically the matter to which the party objects and the grounds for the objection. Opportunity must be given to make the objection out of the hearing of the jury.

*v Gonzalez*, 256 Mich App 212, 225; 663 NW2d 499 (2003). An appellate court reviews unpreserved claims of instructional error for plain error affecting substantial rights. *People v Aldrich*, 246 Mich App 101, 124-125; 631 NW2d 67 (2001). Preserved claims of instructional error are reviewed de novo. *People v Dobek*, 274 Mich App 58, 82; 732 NW2d 546 (2007). However, "the trial court's determination that a jury instruction is applicable to the facts of the case is reviewed for an abuse of discretion." *Id*.

## A. Stipulation

Defendant did not object to the court's stipulation instructions at trial nor did defendant request a specific stipulation instruction. The first protest defendant mounts against the court's stipulation instructions appears in his motion to remand. Accordingly, defendant's claim of instructional error is unpreserved and reviewed by this Court for plain error affecting defendant's substantial rights. *Aldrich*, 246 Mich App at 124-25.

Defendant claims the trial court violated MCR 2.513(M) when it recited defendant's stipulation immediately after listing the elements of the crime to which the stipulation pertained and by failing to inform the jury that it need not regard the stipulation as true immediately preceding or following that recitation. Under MCR 2.513(M), "the court may fairly and impartially sum up the evidence if it also instructs the jury that it is to determine for itself the weight of the evidence and the credit to be given to the witnesses and that jurors are not bound by the court's summation. The court shall not comment on the credibility of witnesses or state a conclusion on the ultimate issue of fact before the jury." *Id*.

Defendant claims that failing to inform the jury that it need not regard the stipulation as true immediately preceding or following the court's recitation of the stipulation amounts to an improper conclusion on the ultimate issue of fact. However, "when examining instructions to determine if an error has occurred, the instructions must be considered 'as a whole, rather than piecemeal.'" *People v Henderson*, 306 Mich App 1, 4; 854 NW2d 234 (2014), quoting *People v Kowalski*, 489 Mich 488, 501; 803 NW2d 200 (2011). "No error results from the absence of an instruction as long as the instructions as a whole cover the substance of the missing instruction." *People v Kurr*, 253 Mich App 317, 327; 654 NW2d 651 (2002). Earlier in its instructions, the trial court properly instructed the jury that it need not regard stipulated facts as true. Accordingly, the trial court was not required to give a second, identical instruction.

Further, though defendant claims that the trial court's recitation of the stipulation after listing the elements of the crime to which the stipulation pertained is an "improper conclusion" under MCR 2.513(M), defendant cites no authority for this proposition. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *Payne*, 285 Mich App at 195. Accordingly, we are unable to find plain error in the trial court's recitation of the stipulation.

## B. *Lardie* Instruction

At trial, defendant requested a jury instruction including language from *People v Lardie*. Because this instruction was requested at trial, defendant's issue is preserved and will be

reviewed de novo. *Gonzalez*, 356 Mich App at 225; *Dobek*, 274 Mich App at 82. However, defendant has not provided the text of the requested jury instruction nor does he purport to know why the instruction was requested. Accordingly, defendant's failure to provide any factual basis whatsoever to support his argument is sufficient to deny his claim. See *Payne*, 285 Mich App at 195. Moreover, the entirety of the *Lardie* holding addresses the *Lardie* defendant's convictions under MCL 257.625(4) for causing death by operating a vehicle while under the influence of intoxicating liquor (OUIL). See *Lardie*, 452 Mich. at 235. Because defendant was not charged with OUIL, *Lardie* is irrelevant to defendant's case and this court cannot conclude that his requested instruction was denied in error.

## V. PRIOR RECORD VARIABLES

Next, defendant argues on appeal that he is entitled to resentencing because the court erred when scoring PRVs 5 and 6.

To preserve a scoring error claim, the defendant must raise the issue "at sentencing, in a motion for resentencing, or in a motion to remand filed in the Court of Appeals." *People v Loper*, 299 Mich App 451, 456; 830 NW2d 836 (2013). Defendant properly objected to the prosecutor's requests for PRV 5 and therefore preserved the issue for appeal. See MCL 768.29; MCR 2.512(C); *Gonzalez*, 256 Mich App at 225. "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*.

PRV 5 scores for "prior misdemeanor convictions or prior misdemeanor juvenile adjudications." MCL 777.55(1). Under PRV 5, an offender is assessed 15 points if he has "5 or 6 prior misdemeanor convictions" and the each conviction is an "offense against a person or property, a controlled substance offense, or a weapon offense." MCL 777.55(1)(b), (2)(a). The trial court assessed 15 points for PRV 5 indicating that defendant had 6 prior misdemeanor convictions, assigns error to this assessment, contending that PRV 6 should be assessed at zero points because none of defendant's misdemeanors are offenses against a person or property, controlled substance offenses, or weapons offenses. This Court would normally dismiss defendant's claim because defendant has not provided any factual or legal bases for these claims. See *Payne*, 285 Mich App at 195. Defendant's brief does not even state the misdemeanor offenses of which he was convicted, yet alone provide a legal citation or argument as to why these offenses should be categorized as public order or public safety offenses. However, the prosecution's brief on appeal[4] concedes that none of defendant's prior misdemeanors were

---

[4] Appellant's brief in this matter was filed on March 27, 2015. On April 7, 2015, appellee entered into a stipulation with defendant in which the appellee agreed to file their responsive brief by May 29, 2015. Appellee, however, did not file their brief until February 9, 2015 at 9:09 AM – less than one hour before oral arguments were set to begin. The prosecution did not request additional time from the court or defendant, and did not provide any justification for the

-8-

offenses against a person or property, a controlled substance offense, or a weapon offense and that the proper score for PRV 5 would be zero points. Accordingly, this Court finds the trial court erred when scoring PRV 5. The proper score for PRV 5 is zero points.

Defendant did not object to PRV 6 at trial and the trial court did not address PRV 6; however, defendant filed a motion to remand which this Court concluded preserved his scoring claims to the extent they had not been waived. *People v Cochran*, unpublished order of the Court of Appeals, entered May 5, 2015 (Docket No. 323916). A defendant waives a claim "when defense counsel clearly expresses satisfaction with a trial court's decision." *Kowalski*, 489 Mich. at 503. A waiver is an "intentional relinquishment or abandonment of a known right" and precludes defendant from judicial review. *Id*. However, when defense counsel merely fails to object to an error, that action is considered a "forfeiture and [is] reviewable for plain error." *People v Hershey*, 303 Mich. App. 330, 349, 844 N.W.2d 127, 140 (2013). Here, when asked about the scoring guidelines, defense counsel indicated that he had "no substantial disagreements" with the contents of the presentence investigation report (PSIR) or the scoring. However, counsel did make objections to many of the prosecutor's scoring requests and contested one of the misdemeanors in the PSIR. Accordingly, this court cannot find that defendant evidenced an overall satisfaction with the entirety of the trial court's scoring sufficient to relinquish a known right and will review the trial courts scoring of PRV 6 for plain error.

PRV 6 scores the offender's "relationship to the criminal justice system." MCL 777.56(1). The trial court assessed 10 points under PRV 6 indicating that, at the time of the offense, defendant was "on parole, probation, or delayed sentence status or on bond awaiting adjudication or sentencing for a felony." MCL 777.56(1)(c). However, at the time of the offense, defendant was on probation for a misdemeanor. Under PRV 6, only 5 points are awarded for an offender who is "on probation or delayed sentence status or on bond awaiting adjudication or sentencing for a misdemeanor." MCL 777.56(1)(d). Accordingly the trial court erred when assessing 10 points under PRV 6. The correct score under PRV 6 would be zero. MCL 777.56(1)(e).

## VI. OFFENSE VARIABLES

Defendant argues on appeal that the court erred in scoring offense variables (OV) 12, 13, and 17 of the offense guidelines. Defendant also argues that he is entitled to resentencing because the court violated *Alleyne v United States*, 570 US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013) when it scored OVs 12, 13, and 17 using facts not found by the jury beyond a reasonable doubt.

---

delay. A "prosecutor has the responsibility of a minister of justice and not simply that of an advocate," MRPC 3.8 comment, and, as an officer of the court, a prosecutor has a duty to avoid "conduct that undermines the integrity of the judicial process." MRPC 3.3 comment. The appellee's more than 8 month delay in this case poses serious risks to the integrity of the appellate process and is unfair to defendant, defense counsel, and this Court. In lieu of censuring appellee, we allowed defendant an opportunity to file a responsive brief. See *People v. Cochran*, unpublished order of the Court of Appeals, entered February 16, 2016 (Docket No. 323916).

## A. Standard of Review

Regarding defendant's scoring claims, defendant objected to the prosecutor's requests for OVs 13 and 17 and therefore preserved the scoring of these variables as an issue for appeal. See MCL 768.29; MCR 2.512(C); *Gonzalez*, 256 Mich App at 225. Therefore, the scoring of OVs 13 and 17 will be reviewed de novo. *Hardy*, 494 Mich at 438. Defendant did not object to OV 12 and the trial court did not address OV 12; however, defendant raised this issue in his motion to remand and has preserved his scoring claims to the extent they have not been waived. *Cochran.* As above, we cannot find that defense counsel's statement that he had no "substantial disagreement" with the PSIR or the scoring is sufficient to indicate an intentional relinquishment of a known right. *Kowalski*, 489 Mich at 216. Accordingly, we will review the scoring of OV 12 for plain error.

Regarding defendant's *Alleyne* claims, these issues present a "Sixth Amendment challenge [that] presents a question of constitutional law that this Court reviews de novo." *People v Stokes*, ___ Mich App ___, ___; ___ NW2d ___ (2015) (Docket No. 321303); slip op at 6, quoting *People v Lockridge*, 498 Mich 358, 373; 870 NW2d 502 (2015).

In *Lockridge*, our Supreme Court applied the rules set forth in *Alleyne* and *Apprendi v New Jersey*, 530 US 466, 490; 120 S Ct 2348; 147 L Ed 2d 435 (2000), to Michigan's sentencing guidelines. *Stokes*, ___ Mich App ___; slip op at 6. The *Lockridge* court "held that Michigan's sentencing scheme violates the Sixth Amendment right to a jury trial because it requires 'judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range, i.e., the "mandatory minimum" sentence under *Alleyne*.'" *Id.*, quoting *Lockridge*, 498 Mich at 364. Under *Lockridge*, while the sentencing guidelines must still be scored by the trial court, the resulting range is merely an advisory range that must be taken into account by the trial court when imposing a sentence. *Stokes*, ___ Mich App at ___, slip op. at 8. Therefore, under *Lockridge*, the trial court must only use facts determined by a jury beyond a reasonable doubt when calculating defendant's OV score under the guidelines. Once this score is calculated, the judge may utilize judicial fact-finding to depart from the sentence imposed by the guidelines.[5] When the trial judge elects to depart from the guidelines, that departure is assessed under a reasonableness standard. *Lockridge*, 498 Mich at 392. In this case, the trial judge did not claim

---

[5] We are aware that, in the *Lockridge* opinion, our Supreme Court stated that "trial courts must assess the 'highest number of points possible' to each variable, 'whether using judge-found facts or not.'" *People v. Stokes*, __ Mich App __, ___ NW2d ___ (2015) (Docket No. 321303), slip op at 7-8, n. 45, quoting *Lockridge*, 498 Mich at 392 and n 28. We find it difficult to reconcile that statement with the holding that sentencing guidelines are to be scored only on the basis of facts necessarily found by the jury or admitted by the defendant. However, in *Stokes*, we understand that this Court concluded that it could reconcile the disparate statements in *Lockridge* by determining that judges may score guidelines on the basis of facts they found independent of the jury or the defendant's admissions on the theory that doing so constitutes a departure, which now need only be justified as reasonable. *Id.*

to depart from the sentencing guidelines; as such, this Court must determine whether the trial judge scored offense variables 12, 13, and 17 utilizing facts not found by a jury beyond a reasonable doubt. If the trial judge did utilize facts not found by a jury beyond a reasonable doubt, the trial court's determination violates *Lockridge* and *Alleyne*.

## B. Offense Variable 12

OV 12 applies to crimes against persons. MCL 777.22(1). Felonious assault, failure to stop at the scene of an accident resulting in serious impairment of a body function , and operation of a motor vehicle with a suspended license causing serious impairment of a body function are all crimes against persons. MCL 777.16d; MCL 777.12e; MCL 777.12h. A trial court may assess 10 points for OV 12 if "[t]wo contemporaneous felonious criminal acts involving crimes against a person were committed." MCL 777.42(1)(b).[6] To be contemporaneous, the acts must have "occurred within 24 hours of the sentencing offense." MCL 777.42(2)(a)(*i*). Further, the acts must "not result in a separate conviction." MCL 777.42(2)(a)(*ii*).

This Court has determined that "the language of OV 12 clearly indicates that the Legislature intended for contemporaneous felonious criminal acts to be acts other than the sentencing offense and not just other methods of classifying the sentencing offense." *People v Light*, 290 Mich App 717, 726; 803 NW2d 720 (2010). The trial court assessed 10 points for OV 12; however, the court did not address its score for OV 12 at sentencing and the record does not express any additional reasoning. Nevertheless, defendant, in addition to being charged with the above crimes, also was charged with assault with intent to murder and assault with intent to do great bodily harm less than murder for hitting McDonald with his car. The jury did not find that defendant committed these crimes beyond a reasonable doubt. Given no evidence to the contrary, a fair reading of this case would thereby assume that the court assessed ten points for OV 12 because it found, by a preponderance of the evidence, that defendant committed one or both of these two charged offenses.[7] Because these two charges arose out of the same criminal act – defendant hitting McDonald with his car – as the sentencing offenses, the court erred when it assessed 10 points for OV 12. The correct score for OV 12 would be zero points. MCL 777.42(1)(g).

Because we find that the trial court erred under *Light* when assessing 10 points for OV 12, we need not reach defendant's *Alleyne* claim. However, we note that since the jury did not convict defendant of the assault with intent to murder and assault with intent to commit great

---

[6] Ten points may also be assessed for OV 12 if "[t]hree or more contemporaneous felonious criminal acts involving other crimes were committed." MCL 777.42(1)(c).

[7] Prior to *Alleyne* and *Lockridge*, when scoring variables, trial courts were "permitted to make factual findings which need only be supported by a preponderance of the evidence." *People v Stokes*, ___ Mich App ___, ___; ___ NW2d ___ (2015) (Docket No. 321303); slip op at 6. Since the trial court decided this case before our opinion in *Lockridge*, a fair reading of the trial court's scoring supports the conclusion that the trial court made a factual finding determining that defendant committed the two charged offenses by a preponderance of the evidence.

bodily harm less than murder, the jury did not find that defendant committed these acts beyond a reasonable doubt. Accordingly, when the trial court based its OV 12 score on the court's conclusion that defendant committed these charged offenses by a preponderance of the evidence, the Court also violated *Alleyne* and *Lockridge*.

## C. Offense Variable 13

OV 13 applies to crimes against a person. MCL 777.22(1). A court may assess 25 points for OV 13 where "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person." MCL 777.43(1)(c). "[A]ll crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction." MCL 777.43(2)(a). Conduct used to score OV 12 may not be used to score OV 13. MCL 777.43(2)(c).

The court assessed 25 points for OV 13 because defendant was convicted of three felonies: failure to stop at the scene of an accident resulting in serious impairment of a body function, MCL 257.617(2); operation of a motor vehicle with a suspended license causing serious impairment of a body function, MCL 257.904(5); and felonious assault, MCL 750.82. Defendant contends that these convictions arose out of the same incident - hitting McDonald with his car and not remaining at the scene – so this Court should apply the reasoning in *Light* to overturn his score. However, this Court has held that multiple felony convictions, as opposed to multiple felonious acts, arising from the same incident may be used to score OV 13. *People v Gibbs*, 299 Mich App 473, 488; 830 NW2d 821, 828-29 (2013); *People v Harmon*, 248 Mich App 522, 532; 640 NW2d 314 (2001). Here, though arising from the same incident, the jury convicted defendant of three felonies, all of which are considered crimes against a person. MCL 777.16d; MCL 777.12e; MCL 777.12h.

Because the scoring for OV 13 was based on the jury's determination that defendant committed these crimes beyond a reasonable doubt, the trial court's assessment does not violate *Alleyne* and *Lockridge*. Accordingly, the court properly assessed 25 points for OV 13.

## D. Offense Variable 17

OV 17 applies to crimes against a person where "the offense or attempted offense involves the operation of a vehicle, vessel, ORV, snowmobile, aircraft, or locomotive." MCL 777.22(1). A court may assess 10 points for OV 17 where "[t]he offender showed a wanton or reckless disregard for the life or property of another person." MCL 777.47(1)(a). Defendant's convictions for failure to stop at the scene of an accident resulting in serious impairment of a body function, operation of a motor vehicle with a suspended license causing serious impairment of a body function, and felonious assault involved the operation of a vehicle and are crimes against a person. MCL 777.16d; MCL 777.12e; MCL 777.12h. Nonetheless, defendant contends that his score for OV 17 should have been zero because this score was based on defendant's conviction for felonious assault. Defendant avers that felonious assault is a specific intent crime and that negligence is therefore inapplicable. While defendant's characterization of felonious assault is correct, the trial court did not score OV 17 based on defendant's conviction for felonious assault. Instead, the trial court scored 10 points for OV 17 based on its conclusion that defendant's operation of the vehicle was wanton and reckless. Therefore, the court properly

assessed 10 points for OV 17 if the assessment was based on facts found by a jury beyond a reasonable doubt.

To convict defendant of felonious assault, the jury need only find that defendant intended to "place the victim in reasonable apprehension of an immediate battery." *Chambers*, 277 Mich App at 8 (quotation omitted). To convict defendant of failing to stop at the scene of an accident resulting in serious impairment of a body function, the jury need only find that defendant had reason to believe he had been involved in an accident and left the scene of that accident. MCL 257.617; see also *People v Goodin*, 257 Mich App 425, 429; 668 NW2d 392 (2003). To convict defendant of operation of a motor vehicle with a suspended license resulting in serious impairment of a body function, the jury need only find defendant operated a vehicle while his license was suspended and defendant's operation resulted in the serious impairment of a person's body function. MCL 257.904(5). None of these offenses require the jury to determine any level of negligence let alone that defendant "showed a wanton or reckless disregard for the life or property of another person." MCL 777.47(1)(a). Therefore the trial court's assessment of 10 points for OV 17 is not based on a jury's finding of fact beyond a reasonable doubt. Accordingly, the trial court violated *Alleyne* and *Lockridge* when scoring OV 17. The correct score for OV 17 is 0 points. MCL 777.47(1)(c).

## VII. RESENTENCING

Defendant claims scoring errors regarding PRVs 5 and 6 and OVs 12, 13, and 17, and *Alleyne* errors regarding OVs 12, 13, and 17. Defendant has not proven any error with the trial court's assessment of OV 13. However, this court finds scoring errors with respect to PRV 5, PRV 6 and OV 12, and *Alleyne* violations with respect to the trial court's assessment of OVs 12 and 17. We affirm defendant's convictions; however, because the cumulative effect of these errors reduces defendant's sentencing guidelines range, we remand to the trial court for resentencing in accordance with the procedure set forth in *Crosby*[8]. See *Stokes*, ___ Mich App at ___, slip op. at 9-11. We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ David H. Sawyer
/s/ Cynthia Diane Stephens

---

[8] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).