PEOPLE v LIGHT

Docket No. 293746. Submitted November 10, 2010, at Detroit. Decided
November 23, 2010, at 9:20 a.m.

Michael D. Light pleaded no contest in the Leelanau Circuit Court to
a charge of unarmed robbery and was sentenced by the court,
Thomas G. Power, J. Defendant appealed by leave granted, con-
tending that the court erred by scoring 5 points for sentencing
offense variable (OV) 12, MCL 777.42, after determining that
defendant had committed two contemporaneous felonious crimi-
nal acts involving crimes other than the sentencing offense, i.e.,
carrying a concealed weapon and either larceny from a person or
larceny in a building. It was unclear from the record which form of
larceny the court chose to use for its scoring decision.

The Court of Appeals *held*:

1. A felonious criminal act is defined to be contemporaneous if
the act occurred within 24 hours of the sentencing offense and will
not result in a separate conviction. When scoring OV 12, a court
must look beyond the sentencing offense and consider as contem-
poraneous felonious criminal acts only those separate acts or
behavior that did not establish the sentencing offense.

2. Defendant's physical act of wrongfully taking money from
the owner of a grocery store while inside the grocery store was,
for purposes of scoring OV 12, the same single act for all forms
of larceny—robbery, larceny from a person, and larceny in a
building. Therefore, even though the trial court sentenced
defendant for unarmed robbery, defendant's sentencing offense
included all acts occurring in an attempt to commit the larceny,
or during the commission of the larceny, or in flight or at-
tempted flight after the commission of the larceny, or in an
attempt to retain possession of the property. Here, the robbery
completely subsumed the larceny.

3. Because defendant's sentencing offense was unarmed rob-
bery, neither larceny from a person nor larceny in a building could
be used as a contemporaneous felonious criminal act to increase
defendant's OV 12 score.

4. Defendant's act of carrying a concealed weapon contemporaneously with the robbery provided a proper basis for determining that defendant committed one contemporaneous felonious criminal act for purposes of scoring OV 12. Defendant should have been assessed only 1 point under OV 12. A different recommended minimum guideline range results when OV 12 is properly scored. The sentencing order must be reversed and the case must be remanded to the trial court for resentencing.

Reversed and remanded.

1. SENTENCES — OFFENSE VARIABLE 12 — CONTEMPORANEOUS FELONIOUS CRIMINAL ACTS.

A felonious criminal act is contemporaneous with the sentencing offense, for purposes of scoring offense variable 12, if the act occurred within 24 hours of the sentencing offense and will not result in a separate conviction; a court must look beyond the sentencing offense and consider as contemporaneous felonious criminal acts only those separate acts or behavior that did not establish the sentencing offense (MCL 777.42).

2. SENTENCES — OFFENSE VARIABLE 12 — UNARMED ROBBERY — LARCENY FROM A PERSON — LARCENY IN A BUILDING.

Neither larceny from a person nor larceny in a building may be used as a contemporaneous felonious criminal act to increase the offense variable 12 score of a defendant convicted of unarmed robbery when the physical act of taking that supported the unarmed robbery conviction is the same physical act used to establish larceny from a person or larceny in a building (MCL 750.357, 750.360, 750.530, 777.42).

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, and *Joseph T. Hubbell*, Prosecuting Attorney, for the people.

*Law Offices of Suzanna Kostovski* (by *Suzanna Kostovski*) for defendant.

Before: OWENS, P.J., and WHITBECK and FORT HOOD, JJ.

PER CURIAM. Defendant, Michael Light, appeals by leave granted his prison sentence imposed after plead-

ing no contest to a charge of unarmed robbery.[1] The trial court sentenced Light to serve a prison term of 4 to 15 years, with credit for 242 days served in jail. We conclude that the trial court did not properly score offense variable (OV) 12[2] when it sentenced Light. Therefore, we reverse and remand this case to the trial court for resentencing consistent with this opinion.

### I. BASIC FACTS

#### A. OVERVIEW

On December 28, 2007, Light approached the Cherry Bend grocery store and stood outside for approximately 20 minutes. After waiting outside, Light entered the store and took a six-pack of beer from the cooler. Light proceeded to the check-out counter and handed the beer to Daniel Plamondon, the store's owner. Then, Light pulled out a four- or five-inch knife and held it in a stabbing position. While wielding the knife, Light yelled, "[G]ive me your f---ing money." Plamondon handed Light approximately $300, and Light fled.[3] Immediately after, Plamondon called 911 and his neighbor, Suttons Bay Police Chief Del Moore.

Chief Moore responded to the scene and followed Light's footprints in the fresh snow south to a residence. As Chief Moore approached the residence, he

---

[1] MCL 750.530. The prosecution originally charged Light with armed robbery , MCL 750.529, and notified him that he could be sentenced as a second-offense habitual offender, MCL 769.10, but agreed to dismiss the habitual-offender sentence enhancement notice pursuant to a June 23, 2008 plea agreement.

[2] MCL 777.42.

[3] The prosecutor's presentence investigation report indicated that two young children were present in the store at the time, although subsequent questioning by the police showed that the children had been oblivious to the events that took place.

observed Light standing outside. Light matched Plamondon's description of the robber, so Chief Moore gave an oral command to Light. Because Light did not respond to Chief Moore's oral command and because he appeared to be preparing to escape, Chief Moore drew his gun and arrested Light. Plamondon identified Light in a photo lineup, and two witnesses from the store's parking lot identified Light in a physical lineup.

### B. LIGHT'S PLEA AGREEMENT AND SENTENCING

As previously stated, the prosecutor charged Light with armed robbery.[4] The prosecutor also filed a notice of Light's status as a second-offense habitual offender.[5] However, as part of a plea agreement, the prosecutor later dismissed the habitual-offender notice.

During sentencing, Light's attorney objected to the scoring of 5 points for sentencing OV 12. The trial court overruled the objection, finding that Light had committed two or more contemporaneous felonious acts. The trial court used the carrying of a concealed weapon as one of the two contemporaneous felonious criminal acts because of the knife that Light carried and then used to commit the robbery. For the second contemporaneous act, the trial court considered both larceny from a person and larceny in a building. The trial court may have determined that larceny in a building was an appropriate contemporaneous act because it is a cognate lesser offense of robbery. However, the trial court's statements on the record were unclear regarding which form of larceny it ultimately chose to use for its scoring decision.

---

[4] See MCL 750.529.

[5] See MCL 769.10.

## II. TRIAL COURT'S SCORING OF OV 12

### A. STANDARD OF REVIEW

When a defendant appeals his or her sentence, we review the trial court's scoring decision "to determine whether the trial court properly exercised its discretion and whether the record evidence adequately supports a particular score."[6] Because this appeal also involves a question of the interpretation of the statutory sentencing guidelines under MCL 769.34, we review it de novo.[7]

### B. THE PLAIN LANGUAGE OF OV 12

Under MCL 777.42, OV 12 establishes the scoring guidelines for the trial court to use "to determine whether [a] defendant engaged in any 'contemporaneous felonious criminal acts.'"[8] "If [the] defendant did not engage in any contemporaneous felonious criminal acts, the trial court [must] score OV 12 at zero points."[9] "However, if [the] defendant did engage in contemporaneous felonious criminal acts, the trial court [must] evaluate the number of acts and whether the acts constituted crimes against a person or other crimes, see MCL 777.42(1)(a) to (f), and then assign 'the number of points attributable to the [corresponding subdivision of the statute] that has the highest number of points,' MCL 777.42(1)."[10] Specifically, if the trial court finds that the defendant committed two contemporaneous felonious criminal acts involving other crimes, then the

---

[6] *People v McLaughlin*, 258 Mich App 635, 671; 672 NW2d 860 (2003).

[7] *People v Babcock*, 469 Mich 247, 253; 666 NW2d 231 (2003); *People v Bemer*, 286 Mich App 26, 31; 777 NW2d 464 (2009).

[8] *Bemer*, 286 Mich App at 32, quoting MCL 777.42(1).

[9] *Id.*, citing MCL 777.42(1)(g).

[10] *Id.* (some alteration by *Bemer*).

trial court may allocate 5 points for OV 12.[11]

## C. INTERPRETING THE LANGUAGE OF OV 12

This Court interprets sentencing guidelines in accordance with the rules of statutory construction.[12]

> The primary goal of statutory construction is to give effect to the intent of the Legislature. If the language of the statute is unambiguous, judicial construction is not permitted because the Legislature is presumed to have intended the meaning it plainly expressed. Judicial construction is appropriate, however, if reasonable minds can differ concerning the meaning of a statute. Where ambiguity exists, this Court seeks to effectuate the Legislature's intent by applying a reasonable construction based on the purpose of the statute and the object sought to be accomplished. "The court must look to the object of the statute, the harm it is designed to remedy, and apply a reasonable construction that best accomplishes the purpose of the statute." In construing a statute, the statutory provisions must be read in the context of the entire statute in order to produce a harmonious whole; courts must avoid a construction that would render statutory language nugatory.[13]

As stated, MCL 777.42 establishes the scoring guidelines to determine a defendant's OV 12 sentencing score for any "contemporaneous felonious criminal acts."[14] "A felonious criminal act is defined to be contemporaneous if the *act* occurred within 24 hours of the *sentencing offense* and will not result in a separate conviction."[15] According to the Michigan Supreme Court, " 'the Legislature unambiguously made it known when *behavior outside the*

---

[11] MCL 777.42(1)(e).

[12] *People v Lyons (After Remand)*, 222 Mich App 319, 322; 564 NW2d 114 (1997).

[13] *McLaughlin*, 258 Mich App at 672-673 (citations omitted).

[14] See MCL 777.42(1); *Bemer*, 286 Mich App at 32.

[15] *Bemer*, 286 Mich App at 32-33, citing MCL 777.42(2)(a) (emphasis added).

*offense* being scored is to be taken into account.' "[16] Significantly, OV 12 distinguishes within the same sentence between the "act" that occurred and the "sentencing offense."[17] This indicates that the Legislature specifically intended to draw a distinction between the two words.[18] There is support for this rationale within the language of two other offense variables, OV 11 and OV 13. OV 11 states, "Multiple sexual penetrations of the victim by the offender *extending beyond the sentencing offense* may be scored in offense variables 12 or 13."[19] Thus, the language of OV 11 suggests that the Legislature did not intend for contemporaneous felonious criminal acts to be the same acts that established the sentencing offense. Likewise, the language of OV 13 indicates that a trial court should allocate points when the "[sentencing] *offense* was *part* of a pattern of felonious criminal activity . . . ."[20] OV 13 clearly distinguishes the offense from the activity. Therefore, when scoring OV 12, a court must look beyond the sentencing offense and consider only those separate acts or behavior that did not establish the sentencing offense.

### D. APPLYING THE LANGUAGE OF OV 12 TO LIGHT'S UNARMED-ROBBERY CONVICTION

In this case, Light pleaded guilty to a charge of "unarmed robbery" under MCL 750.530. The Legislature defined "unarmed robbery" as follows:

---

[16] *People v McGraw*, 484 Mich 120, 125; 771 NW2d 655 (2009), quoting *People v Sargent*, 481 Mich 346, 349; 750 NW2d 161 (2008) (emphasis added).

[17] MCL 777.42(2)(a)(*i*).

[18] See *United States Fidelity & Guaranty Co v Mich Catastrophic Claims Ass'n (On Rehearing)*, 484 Mich 1, 14; 795 NW2d 101 (2009) (noting that "[w]hen the Legislature uses different words, the words are generally intended to connote different meanings").

[19] MCL 777.41(2)(b) (emphasis added).

[20] MCL 777.43(1)(a) through (f) (emphasis added).

(1) A person who, in the course of committing a larceny of any money or other property that may be the subject of larceny, uses force or violence against any person who is present, or who assaults or puts the person in fear, is guilty of a felony punishable by imprisonment for not more than 15 years.

(2) As used in this section, "in the course of committing a larceny" includes acts that occur in an attempt to commit the larceny, or during commission of the larceny, or in flight or attempted flight after the commission of the larceny, or in an attempt to retain possession of the property.[21]

Neither party disputes that the trial court scored OV 12 on the basis of the sentencing offense of unarmed robbery. Further, neither party disagrees that carrying a concealed weapon constituted one of the two contemporaneous felonious acts needed to score 5 points for OV 12. However, the parties differ in their views about which form of larceny the trial court properly used as the second contemporaneous felonious act, which allowed the trial court to allocate 5 points for OV 12.

Light argues that the trial court erred by allocating 5 points for his OV 12 score because the trial court incorrectly identified larceny from a person as the second separate contemporaneous felonious act. Light further argues that larceny from a person is a necessarily included lesser offense of robbery[22] and that it cannot be labeled as a contemporaneous felonious act for the purpose of scoring OV 12. Accordingly, Light claims that, at most, the trial court should have only assessed 1 point under OV 12 for carrying a concealed weapon. Light contends that this would result in a total OV level of III, PRV Level C, for a guideline range of 19

---

[21] MCL 750.530.

[22] *People v Adams*, 128 Mich App 25, 31; 339 NW2d 687 (1983) (noting that "the larceny which is an element of robbery is a larceny from a person").

to 38 months[23] and that the trial court's sentence of 48 months falls outside the minimum guideline range.

In contrast, the prosecution argues that the trial court correctly scored 5 points for OV 12 because larceny in a building is not a necessarily included lesser offense of robbery, but rather a cognate offense.[24] The prosecution concludes that the trial court properly used larceny in a building and carrying a concealed weapon as two separate contemporaneous felonious acts under OV 12.

Light is correct that larceny from a person is a necessarily included lesser offense of robbery.[25] Likewise, the prosecution is correct that larceny in a building is a cognate offense of robbery because robbery does not include the "building" element and larceny does not require the use of force.[26] And, as previously stated, the trial court did not clearly state whether it based its scoring on larceny from a person or larceny in a building. However, for OV 12 scoring purposes, Light's physical act of wrongfully taking Plamondon's money while inside a grocery store is the same single act for all forms of larceny—robbery, larceny from a person, and larceny in a building. Therefore, even though the trial court sentenced Light for unarmed robbery, Light's sentencing offense included all acts "occur[ring] in an attempt to commit the larceny, or during commission of the larceny, or in flight or attempted flight after the commission of the larceny, or in an attempt to retain possession of the property."[27]

---

[23] See MCL 777.64.

[24] See also *People v Ramsey*, 218 Mich App 191, 195; 553 NW2d 360 (1996).

[25] *People v Cornell*, 466 Mich 335, 356; 646 NW2d 127 (2002) (noting that it is impossible to commit the greater offense without first having committed the included lesser offense).

[26] See *People v Stein*, 90 Mich App 159, 167; 282 NW2d 269 (1979).

[27] MCL 750.530(2).

Here, the robbery completely subsumed the larceny. The fact that the larceny occurred in a building, and thus could have subjected Light to multiple convictions,[28] does not change the outcome. Even though the trial court did not convict Light of either form of larceny, both offenses form the basis of Light's "sentencing offense" of unarmed robbery. Because Light's sentencing offense was unarmed robbery, neither form of larceny could be used as the contemporaneous felonious act needed to increase Light's OV 12 score. In other words, the language of OV 12 clearly indicates that the Legislature intended for contemporaneous felonious criminal acts to be acts other than the sentencing offense and not just other methods of classifying the sentencing offense.

### III. CONCLUSION

The trial court erred when it determined that larceny from a person or larceny in a building was a contemporaneous felonious act under MCL 777.42. Because both forms of larceny served as the basis of Light's sentencing offense, the trial court should not have scored 5 points for Light's unarmed-robbery conviction under OV 12. However, the parties do not dispute that Light's act of carrying a concealed weapon provides a proper basis for a contemporaneous felonious criminal act for purposes of scoring OV 12. The act of carrying a concealed weapon occurred contemporaneous with the robbery. Accordingly, the trial court should have assessed only 1 point under MCL 777.42(1)(f) for carrying a concealed weapon. This correction reduces Light's total OV score from level IV to level III (from 35 points to 31 points), which will change the recommended minimum

---

[28] See *People v Smith*, 478 Mich 292, 296, 300-301; 733 NW2d 351 (2007).

guideline range to 19 to 38 months.[29] Therefore, because the erroneous score would result in a different recommended range when corrected, we reverse and remand this case to the trial court for resentencing consistent with this opinion.[30]

Reversed and remanded. We do not retain jurisdiction.

---

[29] See MCL 777.64.

[30] *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006).