# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

MICHAEL LARRY DUSTIN LEMASTER,

       Defendant-Appellant.

UNPUBLISHED
February 18, 2016

No. 324594
Lapeer Circuit Court
LC No. 14-011680-FH

Before: GLEICHER, P.J., and JANSEN and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of second-degree home invasion, MCL 750.110a(3), possession of burglar's tools, MCL 750.116, larceny of a firearm, MCL 750.357b, larceny in a building, MCL 750.360, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The court sentenced defendant to 4 years and 9 months to 15 years' imprisonment for the second-degree home invasion conviction, 4 to 10 years' imprisonment for the possession of burglar's tools conviction, two to five years' imprisonment for the larceny of a firearm conviction, two to four years' imprisonment for the larceny in a building conviction, and two years' imprisonment for the felony-firearm conviction. We affirm.

Defendant's only argument on appeal is that the trial court erred in assessing 10 points for offense variable (OV) 12. We disagree.

"Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). " 'Clear error exists if the reviewing court is left with a definite and firm conviction that a mistake has been made.' " *People v Miller*, 482 Mich 540, 544; 759 NW2d 850 (2008) (citation omitted). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438.

OV 12 governs contemporaneous felonious criminal acts. MCL 777.42(1). MCL 777.42(1) provides for the assessment of 10 points for the commission of two contemporaneous felonies involving crimes against a person, or three contemporaneous felonies "involving other crimes." MCL 777.42(1)(b) and (c). If there are no contemporaneous felonies, zero points are

-1-

assessed.  MCL 777.42(1)(g).  A felonious criminal act is contemporaneous if it "occurred within 24 hours of the sentencing offense" and it "has not and will not result in a separate conviction." MCL 777.42(2)(a).  See also *People v Light*, 290 Mich App 717, 722; 803 NW2d 720 (2010).

As defendant argues, and plaintiff concedes, the trial court erred in scoring OV 12. Nevertheless, resentencing is not required.  The sentencing guidelines range does not change with the deduction of 10 points.  See MCL 777.64 (providing the sentencing guidelines ranges for class C felonies).  " 'If a scoring error does not alter the guidelines range, resentencing is not required.' "  *People v Rhodes (On Remand)*, 305 Mich App 85, 91; 849 NW2d 417 (2014) (citation omitted).[1]  Defendant is correct that the trial judge stated that he would not sentence defendant at the top of the guidelines range for second-degree home invasion, but then proceeded to impose the highest minimum sentence under the sentencing guidelines range for that offense. Nevertheless, defendant admits that a court speaks through its orders and has provided no caselaw to suggest that remand is required when a trial judge states an intention to impose a low sentence but then imposes the maximum.  Accordingly, remand for resentencing is not required. See *id*.

Affirmed.


/s/ Elizabeth L. Gleicher
/s/ Kathleen Jansen
/s/ Douglas B. Shapiro

---

[1] We note that defendant does not raise a challenge to his sentencing under *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015).