# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 27, 2017

Plaintiff-Appellee,

v

No. 331142
Wayne Circuit Court
LC No. 15-000831-01-FC

ALONZO CARTER,

Defendant-Appellant.

Before: JANSEN, P.J., and MURPHY and BORRELLO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84, felon in possession of a firearm (felon-in-possession), MCL 750.224f, intentional discharge of a firearm at a dwelling or potentially occupied structure, MCL 750.234b, assault with a dangerous weapon (felonious assault), MCL 750.82, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to 5 to 10 years' imprisonment for the AWIGBH conviction, 1 to 5 years' imprisonment for the felon-in-possession conviction, 1 to 10 years' imprisonment for the intentional discharge of a firearm at a dwelling or potentially occupied structure conviction, 1 to 4 years' imprisonment for the felonious assault conviction, and five years' imprisonment for the felony-firearm conviction. For the reasons set forth in this opinion, we affirm.

On appeal, defendant argues sentencing issues, specifically that the trial court erred when it assessed 10 points under offense variable (OV) 4, MCL 777.34, 10 points under OV 12, MCL 777.42, and 75 points under prior record variable (PRV) 1, MCL 777.51. The prosecution concedes that 0 points should have been scored under OV 4. The prosecution also concedes error in the scoring of PRV 1 arguing that 50, rather than 75 points should have been scored. However, relative to OV 12, the prosecution argues that 10 points should have been scored.

## I. STANDARD OF REVIEW

The trial court's factual determinations are reviewed for clear error and need only be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute is a question of statutory interpretation, which this Court reviews de novo. *People v Steanhouse*, 313 Mich App 1, 38; 880 NW2d 297 (2015), lv gtd 499 Mich 934 (2016).

-1-

This Court also reviews de novo, as a question of law, the proper interpretation of the sentencing guidelines. *People v Gullett (On Remand)*, 277 Mich App 214, 217; 744 NW2d 200 (2007).

## II. SCORING ERRORS

### A. OV 4

Defendant first argues that the trial court erred when it assessed OV 4 at 10 points. The prosecution agrees that OV 4 was improperly scored. A trial court must assess points under OV 4 when there is "psychological injury to a victim." MCL 777.34(1). Specifically, points must be assessed when "[s]erious psychological injury requiring professional treatment occurred to a victim." MCL 777.34(1)(a). In assessing OV 4, "[t]he fact that the victim did not seek professional treatment is not conclusive when scoring the variable," and an assessment of 10 points is appropriate when there is "some evidence of psychological injury on the record to justify a 10-point score." *People v Lockett*, 295 Mich App 165, 183; 814 NW2d 295 (2012). In determining the sentencing guidelines, courts may consider the entire record, including the presentence investigation report (PSIR), a defendant's admission at the plea examination or trial, and evidence introduced during a preliminary examination or trial. *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012). Courts may also look to the victim's impact statement and testimony at sentencing. *People v Earl*, 297 Mich App 104, 109-110; 822 NW2d 271 (2012), aff'd in 495 Mich 33 (2014).

The state concedes that 0 points should have been scored under OV 4 and we concur as this Court cannot glean from the record evidence either at trial, or in the victim's impact statement, that shows even "some evidence of psychological injury on the record to justify a 10-point score." *Lockett*, 295, Mich App at 183. Accordingly, OV 4 should have been assessed zero points. MCL 777.34(1)(b).

### B. OV 12

Defendant also argues that the trial court erred when it assessed 10 points under OV 12. A trial court must assess 10 points under OV 12 when there is evidence of "contemporaneous felonious criminal acts." MCL 777.42(1). An assessment of 10 points is proper when "[t]wo contemporaneous felonious criminal acts involving crimes against a person were committed." MCL 777.42(1)(b). "A felonious criminal act is defined to be contemporaneous if the *act* occurred within 24 hours of the *sentencing offense* and will not result in a separate conviction." *People v Light*, 290 Mich App 717, 722; 803 NW2d 720 (2010), citing *People v Bemer*, 286 Mich App 26, 32-33; 777 NW2d 464 (2009). "[W]hen scoring OV 12, a court must look beyond the sentencing offense and consider only those separate acts or behavior that did not establish the sentencing offense." *Light*, 290 Mich App at 723.

According to defendant, there were no contemporaneous felonious acts upon which the trial court could assess 10 points for OV 12. The trial court did not provide on the record the felonious acts that were the basis for assessing 10 points under OV 12, but the prosecution argues that defendant committed two contemporaneous felonious acts because one of defendant's bullets almost struck Wilson's baby. Therefore, the prosecution claims that defendant's conduct "constitutes, at a minimum, assault with intent to do great bodily harm less

than murder and felonious assault" because "both of these offenses are felonious crimes committed against a person occurring within 24 hours of the sentencing offense that neither has nor will result in a separate conviction."

The evidence indicates that the victims were shot at three times. Each time defendant pulled the trigger was a separate act, and only one was needed to convict him. Thus, the other two acts of pulling the trigger would be contemporaneous felonious criminal act, because defendant's actions would not result in separate convictions and the acts occurred within 24 hours of the sentencing offense. See *People v Wakeford*, 418 Mich 95, 111-112; 341 NW2d 68 (1983) (indicating that here defendant's action would only support one conviction of assault with intent to murder because only one person was assaulted). Accordingly, the trial court did not err when it assessed 10 points for two contemporaneous felonious criminal acts under OV 12.

## C. PRV 1

Defendant and the prosecution agree that the trial court erred when it assessed 75 points under PRV 1. Instead, both parties claim that the trial court should have assessed 50 points under PRV 1. We concur with the arguments submitted by defendant and the prosecution on this issue. A trial court must assess points under PRV 1 for "prior high severity felony convictions." MCL 777.51. An assessment of 75 points is required when a defendant has three prior high severity felony convictions, and an assessment of 50 points is required when a defendant has two prior high severity felony convictions. MCL 777.51(1)(a). A "high severity felony conviction" is one for "a crime listed in offense class M2, A, B, C, or D." MCL 777.51(2)(a).

According to defendant's PSIR, he has two prior high severity felony convictions. In 1997, defendant was convicted of unarmed robbery, MCL 750.530, which is a class C felony. MCL 777.16y. In 1998, defendant was convicted of armed robbery, MCL 750.529, which is a class A felony. MCL 777.16y. Because defendant has two prior high severity felony convictions, he should have been assessed 50 points under PRV 1, and therefore, the trial court erred when it assessed 75 points under PRV 1.

## III. RESENTENCING

Without the 10 points assessed for OV 4, defendant's OV total would have been 50 points. With this reduction, defendant's OV level remains at level V. MCL 777.65. After adjusting defendant's PRV score from 75 to 50, defendant's PRV score would be 102, and his PRV level would remain at level F. MCL 777.65. With these adjustments, defendant's minimum sentencing guidelines range, taking into account his status as a fourth habitual offender, would remain at 38 to 152 months. MCL 777.65. The scoring errors did not alter the minimum range calculated under the sentencing guidelines, and defendant is not entitled to resentencing. *People v Francisco*, 474 Mich 82, 89-90, 89 n 8; 711 NW2d 44 (2006).

Affirmed.

/s/ Kathleen Jansen
/s/ William B. Murphy
/s/ Stephen L. Borrello