*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

GREGORY DONELL PATTERSON,

Defendant-Appellant.

UNPUBLISHED
March 7, 2019

No. 342057
Jackson Circuit Court
LC No. 12-004572-FC

Before: M. J. KELLY, P.J., and SERVITTO and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals as of right the scoring of his sentencing guidelines after his jury trial convictions of three counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a) (person under 13 years of age). The trial court sentenced defendant to the mandatory minimum of 25 years to 40 years' imprisonment for each conviction. MCL 750.520b(2)(b). Because offense variable (OV) 12 was incorrectly scored but, when corrected, does not affect defendant's mandatory minimum sentence of 25 years, we affirm defendant's sentences but remand for the administrative correction of the sentencing information report.

This case arises from defendant's sexual misconduct with AD, the daughter of his girlfriend. In spring 2012, the victim was 12 years old and lived with her mother, her brother, and defendant. AD testified that, one evening after school, defendant approached her while she was in the kitchen getting a snack. Defendant asked her "can he stick it in" after which he grabbed her arm and led her into the dining room. AD testified that defendant then pulled down AD's shorts and underwear, removed his shorts, and "gently pushed her down on him." AD testified that defendant penetrated her "front" private part with his penis. AD testified that defendant then put his penis in her butt. AD testified that she later went to the bathroom and that it burned when she urinated and she noticed some blood in the toilet and when she wiped. AD testified that, on the night of the sexual assault, she told her mother what happened even though she was scared and nervous. AD stated that her mother confronted defendant about the incident but that nothing changed.

AD testified that defendant also sexually assaulted her on other occasions. On one occasion, defendant put his hand down her pants and put his finger in her vagina. AD testified that, on another occasion, defendant made AD lean forward, facing away from him, as he scratched her back. The victim stated that defendant moved his hips "front to back" while touching her butt. Additionally, AD testified that defendant made her touch his penis with her hand and her mouth.

On appeal, defendant argues that the trial court erred in scoring OVs 4 and 12. This Court reviews this unpreserved issue according to the plain error standard. *People v Cain*, 498 Mich 108, 116; 869 NW2d 829 (2015). Under this standard, defendant must show that: (1) an error occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Even if the first three prongs are satisfied, this Court "must exercise its discretion in deciding whether to reverse," and "reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings . . ." *Id*. at 763-764 (quotation marks and citation omitted).

A sentence is invalid if it is based on inaccurate information. *People v Miles*, 454 Mich 90, 96; 559 NW2d 299 (1997). If a sentence is within the appropriate guidelines sentence range, a defendant is entitled to resentencing only if there is a scoring error or if the trial court relied on inaccurate information. *People v Francisco*, 474 Mich 82, 88-89; 711 NW2d 44 (2006). "[W]hen a trial court sentences a defendant in reliance upon an inaccurate guidelines range, it does so in reliance upon inaccurate information." *Id*. at 89 n 7.

Defendant first argues that the trial court erroneously assessed 10 points for OV 4. We disagree.

The trial court is required to assess 10 points for OV 4 (psychological injury to the victim) where a victim suffered "serious psychological injury requiring professional treatment." MCL 777.34(1)(a). The fact that a victim has not sought treatment is not conclusive of serious psychological injury requiring professional treatment; rather 10 points should be assessed if the serious psychological injury *may* require professional treatment. MCL 777.34(2) (emphasis added). An assessment of 10 points for OV 4 is warranted if the victim suffers personality changes, depression, or feelings of anger, fright, hurt, or being violated, among other things. *People v Gibbs*, 299 Mich App 473, 493; 830 NW2d 821 (2013). However, "a court cannot merely assume that a victim has suffered a 'serious psychological injury' solely because of the characteristics of the crime." *People v White*, 501 Mich 160, 165; 905 NW2d 228 (2017).

In this case, the victim testified that she felt shocked during the sexual assault that occurred in the dining room and that she felt afraid and nervous to report the assaults. The victim's guardian testified that she observed a difference in the victim's personality after the assaults, stating that the victim appeared withdrawn, depressed, and sad. The victim's guardian testified that the victim experienced emotional reactions, including depression, anger, hostility, and sadness, after encountering triggers that reminded the victim of defendant and the sexual misconduct incidents. Finally, the victim's guardian testified that the victim had nightmares

about the sexual assault incidents. Based on our review of the record, we conclude that the trial court did not plainly err in assessing 10 points for OV 4. See *Gibbs*, 299 Mich App at 493.

Defendant next argues that the trial court erred when it assessed 25 points for OV 12. We agree.

The trial court is required to assess 25 points for OV 12 (contemporaneous felonious criminal acts) if the defendant committed three or more contemporaneous felonious criminal acts against a person. MCL 777.42(1)(a). A felonious criminal act is contemporaneous if the act occurred within 24 hours of the sentencing offense *and* the act has not and will not result in a separate conviction. MCL 777.42(2)(a) (emphasis added). The trial court must not score conduct scored in OV 11 (criminal sexual penetration) under the scoring of OV 12. MCL 777.42(2)(c). "[W]hen scoring OV 12, a court must look beyond the sentencing offense and consider only those separate acts or behavior that did not establish the sentencing offense." *People v Light*, 290 Mich App 717, 723; 803 NW2d 720 (2010).

In this case, count 1 of defendant's CSC-I convictions related to digital-vaginal penetration, count 3 related to penile-vaginal penetration, and count 4 related to penile-anal penetration. AD testified that the sexual assault that occurred in the dining room (counts 3 and 4) happened at a different time than the digital penetration (count 1), indicating that these sexual penetrations did not arise out of the sentencing offense. However, there was no evidence presented at trial that the sexual assault incident that occurred in the dining room happened within 24 hours of the sentencing offense. Although AD testified that the sexual assault incidents occurred at different times during a one-week period, the victim did not identify which days and in which order the sexual assault incidents occurred. Additionally, Counts 3 and 4 resulted in separate convictions. Therefore, Counts 3 and 4 were not contemporaneous felonious criminal acts pursuant to MCL 777.42(3)(a).

AD did testify that defendant made her touch his penis with her mouth and hand on one occasion, and that he assaulted her over her clothes on another occasion. These acts did not result in separate convictions. There was no reference, however, in time for these acts which would allow for a finding that they occurred within 24 hours of count 1, 3, or 4. Thus, we conclude that the trial court plainly erred in assessing 25 points for OV 12 and should have assessed zero points for OV 12. Accordingly, we remand this case to the trial court for the administrative task of correcting the error in the sentencing information report. MCR 7.216(A)(7).

As defendant acknowledges, his sentence was not a departure from the sentencing guidelines, and will not be even if OV 12 is properly assessed at zero points. Defendant does not seek resentencing and would not be entitled to it, given that trial court imposed defendant's sentence according to the mandatory minimum sentence set forth in MCL 750.520b(2)(b), the trial court had no discretion to depart from the mandatory minimum, and it will have no

discretion even if OV 12 is corrected. Defendant did not establish that the trial court's proper application of the mandatory minimum sentence affected his substantial rights[1] or that he was entitled to relief from the sentence imposed by the trial court. See *Cain*, 498 Mich at 116.

Affirmed, but remanded for correction of the sentencing information report in accordance with this opinion. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Deborah A. Servitto
/s/ Mark T. Boonstra

---

[1] Defendant did not argue or demonstrate that he was actually innocent, or that the trial court's error in scoring OV 12 "seriously affected the fairness, integrity or public reputation of [the] judicial proceedings." See *Carines*, 460 Mich at 763.