*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LYNN ANTHONY MORRIE II,

        Defendant-Appellant.

UNPUBLISHED
December 3, 2019

No. 344160
Allegan Circuit Court
LC No. 17-020902-FH

Before: MURRAY, C.J., and MARKEY and BECKERING, JJ.

PER CURIAM.

Defendant, Lynn Anthony Morrie II, appeals as of right his jury trial conviction for domestic violence, third offense, MCL 750.81(5). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 36 months to 20 years' imprisonment. On appeal, defendant contends that the trial court erred at sentencing when scoring offense variables (OV) 10 and 12, and that correction of the scoring results in a lower minimum guidelines range. Because defendant's arguments have merit, we affirm his conviction but vacate his sentence and remand for resentencing.

## I. RELEVANT FACTS AND PROCEEDINGS

This case arises out of a domestic dispute between defendant and a woman with whom he was living at the time. According to the trial transcript, defendant and the victim argued about why the victim did not call defendant earlier that day to let him know her whereabouts. Defendant came into the room where the victim was and grabbed her pants as she was trying to put them on. According to the victim, defendant then ripped off her shirt and bra. He told her that if she was going to leave, she "was going to leave naked, like . . . the whore that [she] was." The pair also fought over a ring that defendant had purchased for the victim. They were on the floor when the victim bit defendant on the nose to get him off her. She then ran downstairs to try to find a blanket or sweater with which to cover herself, but defendant ripped two blankets, a sweater, and a cell phone away from her. Naked, the victim made her way outside, between two parked cars. Next, she ran toward the backyard. Defendant caught up with her, wrapped his arm

around her neck, and placed his hand over her face. When someone yelled "Hey!" defendant and the victim separated.

Defendant was arrested and charged with assault by strangulation, MCL 750.84, and domestic violence, third offense. A jury acquitted defendant of assault by strangulation, but found him guilty of domestic violence, third offense. The trial court sentenced him to 36 months to 20 years' imprisonment. At sentencing, defense counsel objected to the trial court's 15-point assessment for Offense Variable (OV) 10. Defense counsel argued that the trial court's "allusion" to the difference in size and strength of defendant compared to the victim was inappropriate for an assessment of 15 points. Defense counsel also objected to the trial court's five-point assessment for OV 12 and argued that OV 12 should have been assessed zero points because defendant was found not guilty of the offense of assault by strangulation. This appeal followed.

## II. ANALYSIS

Defendant first argues that the trial court erred in assessing 15 points for OV 10 based on its reasoning that a "manipulative relationship" constituted "predatory conduct." We agree. We review for clear error a trial court's factual determinations, and those factual determinations must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). We review de novo whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute. *Id*.

"OV 10 deals with the exploitation of vulnerable victims." *People v Jamison*, 292 Mich App 440, 444; 807 NW2d 427 (2011); MCL 777.40. MCL 777.40 states in relevant part:

> (1) Offense variable 10 is exploitation of a vulnerable victim. Score offense variable 10 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> (a) Predatory conduct was involved..............................................15 points
>
> (b) The offender exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status ...............................................................................10 points
>
> * * *
>
> (3) As used in this section:
>
> (a) "Predatory conduct" means preoffense conduct directed at a victim, or a law enforcement officer posing as a potential victim, for the primary purpose of victimization.
>
> (b) "Exploit" means to manipulate a victim for selfish or unethical purposes. Exploit also means to violate section 50b of the Michigan penal code, 1931 PA 328, MCL 750.50b, for the purpose of manipulating a victim for selfish or unethical purposes.

Our Supreme Court clarified that "predatory conduct" is preoffense conduct that is predatory rather than "purely opportunistic criminal conduct." *People v Huston*, 489 Mich 451, 462; 802 NW2d 261 (2011) (where the perpetrators lay in wait, armed and hidden in a parking lot, for a victim). It is not "*any* manner of preoffense conduct" that qualifies for the higher assessment because that would require a 15-point assessment for OV 10 in every case, rendering the other scoring options nugatory. *Id*. at 461 (quotation marks omitted). Therefore, our Supreme Court held that "only those forms of preoffense conduct that are commonly understood as being predatory in nature, e.g., lying in wait and stalking" are considered "predatory conduct." *Id*. at 462 (quotation marks omitted). Comparatively, when the defendant does not engage in "predatory conduct," but rather exploits a domestic relationship, such as a " 'familial' or 'cohabiting' relationship," *Jamison*, 292 Mich App at 447, such exploitative conduct requires an assessment of 10 points for OV 10, see MCL 777.40(1)(b).

In this case, the record does not demonstrate that defendant engaged in "predatory conduct" as MCL 777.40(3)(a) defines that phrase or as our Supreme Court explained it in *Huston*. The trial court referred to the difference in size between defendant and the victim, the power and control defendant exercised over the victim, and how defendant "created a very manipulative relationship." The court went on to state that defendant's "complete power and control" was "predatory in nature." However, manipulative conduct is different from "predatory conduct." The Legislature specifically defined "exploit" as "to manipulate a victim for selfish or unethical purposes" and assessed 10 points, not 15, for such conduct. MCL 777.40(1)(b), (3)(b). The record was sufficient to establish that defendant exploited the victim, but it failed to establish "predatory conduct," such as lying in wait or stalking. See *Huston*, 489 Mich at 462. Accordingly, the trial court's 15-point assessment for OV 10 was improper.

Defendant next asserts that he was improperly assessed five points for OV 12, rather than zero points. In light of a recent change in the law, we agree.

The court may assess five points for OV 12 if "[o]ne contemporaneous felonious criminal act involving a crime against a person was committed." MCL 777.42(1)(d). A felonious criminal act is contemporaneous if the act "occurred within 24 hours of the sentencing offense," and it "has not and will not result in a separate conviction." MCL 777.42(2)(a). The criminal act must be separate and distinct from the behavior that established the sentencing offense. See *People v Light*, 290 Mich App 717, 723; 803 NW2d 720 (2010). The trial court found by a preponderance of the evidence that defendant committed assault by strangulation, even though the jury acquitted defendant of that charge, and it assessed five points for OV 12. The court explained that it was not "bound by the decision of the jury in regards to offenses" and that the "standard is not beyond a reasonable doubt for the Court at the time of sentencing in regards to making determinations about sentencing guidelines and the facts of the case."

At the time of sentencing in this case, the trial court was not limited in considering acquitted conduct. However, while this case was pending on appeal, the Michigan Supreme Court decided *People v Beck*, __ Mich __, __; __ NW2d __ (2019) (Docket No. 152934), and held that "due process bars sentencing courts from finding by a preponderance of the evidence that a defendant engaged in conduct of which he was acquitted." *Beck*, __ Mich at __; slip op at 22. This is exactly what the trial court did when it assessed five points for OV 12 based entirely on defendant's acquitted conduct.

The trial court scored defendant's prior record variable at 40 points and his offense variable at 35 points. This put defendant in the D-IV sentencing grid for class E offenses, which calls for a recommended minimum sentencing guidelines range of 12-48 months. Correcting these scoring errors changes defendant's sentencing grid from D-IV to D-III, and his recommended minimum sentencing guidelines range to 10 to 46 months. Because the scoring errors identified above result in different minimum sentencing guidelines ranges, resentencing is required. See MCL 777.66; see also *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006) (requiring resentencing when the defendant's sentence was based upon an inaccurate calculation of the guidelines range).

We affirm defendant's conviction but vacate his sentence and remand for resentencing. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Jane E. Markey
/s/ Jane M. Beckering