*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

COLLEEN MARIE BERRIDGE,

        Defendant-Appellant.

UNPUBLISHED
August 27, 2020

No. 348768
Lenawee Circuit Court
LC No. 17-018748-FC

Before: STEPHENS, P.J., and O'BRIEN and REDFORD, JJ.

PER CURIAM.

Defendant pleaded guilty to manslaughter, MCL 750.321, and the trial court sentenced defendant to 6 to 15 years' imprisonment. Defendant moved for resentencing and the court resentenced defendant to the same sentence. Defendant sought leave to appeal but this Court denied leave for lack of merit. *People v Berridge*, unpublished order of the Court of Appeals, entered June 12, 2019 (Docket No. 348768). Defendant applied for leave to our Supreme Court which, in lieu of granting leave, remanded the case to this Court for consideration as on leave granted. *People v Berridge*, 505 Mich 938; 936 NW2d 309 (2019). We reverse the trial court's scoring of 10 points for Offense Variable (OV) 12, affirm the trial court's scoring of 25 points for OV 6, and remand for resentencing.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 4, 2017, defendant sold heroin and cocaine to Kernie Easterday who later in the day used the drugs. Around 3:00 p.m., Easterday's mother found him unresponsive, facedown on his bed. While Easterday's mother called 911, his sister performed CPR until first responders arrived and took over. They took Easterday to the hospital where doctors pronounced him dead at 3:26 p.m. from drug toxicity. Police found drug paraphernalia on the nightstand next to Easterday's bed and a hypodermic needle and foil wrapper in his bedroom.

The prosecution charged defendant with one count of delivering a controlled substance causing death, MCL 333.317a, one count of delivering less than 50 grams of heroin, MCL 333.7401(2)(a)(*iv*), second offense, and one count of delivering less than 50 grams of cocaine, MCL 333.7401(2)(a)(*iv*), second offense, and one count of manslaughter, MCL 750.321.

-1-

Defendant pleaded guilty to manslaughter and the court sentenced her to 6 to 15 years' imprisonment. Defendant moved for resentencing and argued that the court erroneously assigned 25 points each for sentencing guidelines OV 6 and OV 12. The sentencing court granted defendant's motion for resentencing and concluded that 25 points were properly assessed for OV 6 but only 10 points should have been assessed for OV 12. The trial court resentenced defendant to the same 6- to 15-year prison term.

## II. STANDARDS OF REVIEW

We review for clear error a sentencing court's scoring of a sentencing guideline variable. *People v Lockett*, 295 Mich App 165, 182; 814 NW2d 295 (2012). "A scoring decision is not clearly erroneous if the record contains any evidence in support of the decision." *Id.* (quotation marks and citation omitted). An error in the calculation of the recommended minimum sentence range that increases the length of the defendant's sentence constitutes error requiring reversal. *People v Francisco*, 474 Mich 82, 88-91; 711 NW2d 44 (2006). The sentencing court's factual determinations used for sentencing under the sentencing guidelines must be supported by a preponderance of the evidence and are reviewed for clear error. *People v Dickinson*, 321 Mich App 1, 20; 909 NW2d 24 (2017). A sentencing court's factual determinations are clearly erroneous if this Court is left with a definite and firm conviction that a mistake was made by the sentencing court. *Id.* We review de novo a sentencing court's interpretation and application of the sentencing guidelines. *People v Morson*, 471 Mich 248, 255; 685 NW2d 203 (2004).

## III. ANALYSIS

### A. OV 12

Defendant first argues that the sentencing court erred by assessing her 10 points for OV 12. As to this issue, the prosecution concedes error and agrees with defendant that OV 12 should have been scored zero   We also agree.

Defendant asserts that she did not commit three or more contemporaneous felonious acts involving other crimes because the three other charged crimes were not separate acts and were subsumed by her manslaughter conviction. OV 12 considers contemporaneous felonious acts. MCL 777.42(1). Ten points are properly assessed for OV 12 if "[t]wo contemporaneous felonious criminal acts involving crimes against a person were committed," or if "[t]hree or more contemporaneous felonious criminal acts involving other crimes were committed." MCL 777.42(1)(b) and (c). A felonious criminal act is contemporaneous if "[t]he act occurred within 24 hours of the sentencing offense," and "[t]he act has not and will not result in a separate conviction." MCL 777.42(2)(a)(*i*) and (*ii*); see *People v Light*, 290 Mich App 717, 726; 803 NW2d 720 (2010) (concluding that, for the purposes of scoring OV 12, the defendant's charges of larceny from the person and larceny in a building were not contemporaneous felonious acts because they both served as the basis of the defendant's sentencing offense of robbery). The contemporaneous felonious criminal acts must be "acts other than the sentencing offense and not just other methods of classifying the sentencing offense." *Light*, 290 Mich App at 726. "[W]hen scoring OV 12, a court must look beyond the sentencing offense and consider only those separate acts or behavior that did not establish the sentencing offense." *Id.* at 723. The pertinent inquiry is "whether the 'sentencing offense' can be separated from other distinct 'acts.' " *People v Carter*, 503 Mich 221,

227; 931 NW2d 566 (2019) (citation omitted). The sentencing offense is the "crime of which the defendant has been convicted and for which he or she is being sentenced." *People v McGraw*, 484 Mich 120, 122 n 3; 771 NW2d 655 (2009).

In this case, the prosecution charged defendant with four crimes, one count of delivering a controlled substance causing death, one count of delivering less than 50 grams of heroin, one count of delivering less than 50 grams of cocaine, and one count of manslaughter. Defendant pleaded guilty to manslaughter and the sentencing court sentenced her for that offense. The record reflects that a preponderance of the evidence established that defendant delivered the heroin and cocaine to Easterday which caused his death. Absent defendant's single act of delivery of the heroin and cocaine to Easterday, he would not have died. The delivery of the controlled substances served as the foundation for establishing the manslaughter charge and cannot be separated from other distinct acts as required to permit assessment of points for OV 12. Because defendant's manslaughter conviction cannot be separated from the multiple offenses with which the prosecution charged her, zero points should have been assessed for OV 12. As indicated above, on appeal, the prosecution concedes that the sentencing court erred by assessing points for OV 12.

The scoring error entitles defendant to resentencing if it altered defendant's recommended minimum sentencing guidelines range. *Carter*, 503 Mich at 230. In this case it did. The sentencing court originally assessed defendant a total prior record variable (PRV) score of 15 points and a total OV score of 90 points. The guidelines sentencing grid for a Class C offense set the recommended minimum sentence range of 43 to 86 months' imprisonment. After the sentencing court granted defendant's motion for resentencing, it reduced defendant's OV 12 score from 25 to 10 points. That reduction rendered defendant's total OV score 75 points, leaving defendant's minimum sentence range unchanged. The sentencing court, however, erred by not reducing OV 12 to zero. Proper assessment of zero points for plaintiff's OV 12 score reduces her total OV score to 65 points. Under the guidelines sentencing grid for a Class C offense, with proper scoring of OV 12, renders the recommended minimum sentence range of 36 to 71 months' imprisonment. Therefore, defendant is entitled to resentencing.

## B. OV 6

Defendant also argues that the sentencing court erred by assessing 25 points for OV 6 on the ground that she did not create a very high risk of death or great bodily harm knowing that death or great bodily harm was the probable result. We disagree.

OV 6 is scored for the offender's intent to kill or injure another person. MCL 777.36(1). Twenty-five points must be assessed for OV 6 if "[t]he offender had unpremeditated intent to kill, the intent to do great bodily harm, or created a very high risk of death or great bodily harm knowing that death or great bodily harm was the probable result." MCL 777.36(1)(b). When calculating the sentencing guidelines, a defendant's OV score is properly determined by reference only to the sentencing offense, except as otherwise provided by the particular offense variable statute. *McGraw*, 484 Mich at 133. The sentencing court may consider all of the evidence in the record, including the contents of the presentence investigation report, plea admissions, and testimony presented at a preliminary examination. *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015). "A sentencing court has discretion in determining the number of points to be scored,

provided that evidence of record adequately supports a particular score." *Dickinson*, 321 Mich App at 21 (quotation marks and citation omitted).

In this case, the sentencing court sentenced defendant for manslaughter. Manslaughter is murder without malice and may be voluntary or involuntary. *People v Head*, 323 Mich App 526, 532; 917 NW2d 752 (2018). Voluntary manslaughter occurs when the "(1) defendant killed in the heat of passion, (2) the passion was caused by adequate provocation, and (3) there was no lapse of time during which a reasonable person could have controlled his passions." *People v Roper*, 286 Mich App 77, 87; 777 NW2d 483 (2009) (citation omitted). The evidence did not establish that defendant committed voluntary manslaughter. "Involuntary manslaughter is a catch-all crime that encompasses all homicides that do not constitute murder, voluntary manslaughter, or a justified or excused homicide." *Head*, 323 Mich App at 532 (quotation marks and citations omitted). Involuntary manslaughter is committed with a lesser *mens rea* of gross negligence or intent to injure. *People v Holtschlag*, 471 Mich 1, 21; 684 NW2d 730 (2004).

When pleading guilty to manslaughter, defendant admitted that she gave Easterday the heroin and cocaine that caused his death. The record does not indicate that defendant intended to kill Easterday or do him great bodily harm. Evidence, however, established that defendant's delivery of the controlled substances created a very high risk of death or great bodily harm and that defendant knew that death or great bodily harm was a probable result. At defendant's resentencing, the court concluded that the evidence supported assessing defendant 25 points for OV 6.

The prosecution argues that the sentencing court could have assessed defendant 50 points for OV 6. The plain language of OV 6 provides that "the scoring of 50 points is appropriate when the offender has the premeditated intent to kill or the killing was committed in the course of the commission of one of the enumerated offenses." *People v Bowling*, 299 Mich App 552, 561; 830 NW2d 800 (2013). In the absence of a premeditated intent to kill, the statutory language requires only that the killing occurred in the course of committing or attempting to commit one of the enumerated offenses. *Id*. MCL 777.36(1)(a) directs the sentencing court to assign 50 points for OV 6 if "the killing was committed while committing or attempting to commit . . . a major controlled substance offense." MCL 333.7401(2)(a) prohibits delivery of a schedule 1 or 2 narcotic. A violation of MCL 333.7401(2)(a)(*iv*), i.e., the delivery of a schedule 1 or 2 controlled substance like heroin or cocaine, constitutes a "major controlled substance offense." MCL 761.2(a); *People v Fetterley*, 229 Mich App 511, 527-528; 583 NW2d 199 (1998). In this case, defendant violated this provision by delivering heroin and cocaine to Easterday. Defendant admitted that she provided Easterday with the heroin and cocaine that caused his death. Although the sentencing court could have assessed defendant 50 points for OV 6, in its discretion it determined that defendant's conduct warranted assessing her only 25 points. Sentencing courts have discretion in determining the number of points to be assessed so long as evidence adequately supports the court's decision. *Dickinson*, 321 Mich App at 21. Accordingly, the sentencing court did not abuse its discretion in this regard.

    Reversed in part, affirmed in part, and remanded for resentencing.  We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ James Robert Redford