*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MATTHEW DONALD GILLIES,

        Defendant-Appellant.

UNPUBLISHED
November 12, 2020

No. 342182
Allegan Circuit Court
LC No. 16-020482-FH

Before: SAWYER, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

Defendant, Matthew Donald Gillies, appeals as of by leave granted[1] his sentence following a guilty-plea conviction of producing child sexually abusive material, MCL 750.145c(2); and second-degree criminal sexual conduct (CSC-II), MCL 750.520c(2)(b). The trial court sentenced

---

[1] This Court originally denied defendant's delayed application for leave to appeal. See *People v Gillies*, unpublished order of the Court of Appeals, entered March 28, 2018 (Docket No. 342182). Subsequently, our Supreme Court, pursuant to MCR 7.305(H)(1) and in lieu of granting leave to appeal, remanded this case to this Court as on leave granted. In its remand order, the Supreme Court stated:

> By order of October 2, 2018, the application for leave to appeal the March 28, 2018 order of the Court of Appeals was held in abeyance pending the decision in *People v Carter* (Docket No. 156606). On order of the Court, the case having been decided on May 7, 2019, 503 Mich 221 (2019), the application is again considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals for consideration, as on leave granted, of whether the defendant was properly assigned 25 points under Offense Variable 12 (OV 12), MCL 777.42. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court. [*People v Gillies*, 504 Mich 961; 932 NW2d 780 (2019).]

defendant to a term of 85 to 240 months in prison for the conviction of producing child sexually abusive material, and a term of 71 to 180 months in prison for the CSC-II conviction, with 57 days' credit for time served. On appeal, defendant argues that the trial court erred when it assessed 25 points for Offense Variable (OV) 12 under the sentencing guidelines. We affirm.

## I. BACKGROUND

In July 2017, defendant pleaded guilty to one count of producing child sexually abusive material and one count of CSC-II. At the plea hearing, the trial court established the factual basis for the plea:

*The Court*: Thank You. Can you tell me what happened in regards to the counts of child sexually abusive activity and criminal sexual conduct in the second degree?

[*Defendant*]: Yes, your Honor. I deliberately made a video of myself with a child under five, with her exposed butt and my erect penis.

[*Defense Counsel*]: And did your erect penis also touch her buttocks during the video?

[*Defendant*]: Yes. It did.

* * *

*The Court*: And you said that you made a video. Did you take a—do something with your phone or some other—

[*Defendant*]: Yes, ma'am. My phone.

*The Court*: So you used your phone, a smart phone of some sort—

[*Defendant*]: Yes.

*The Court*: To make a video and then you placed it on the internet through some type of online messaging or site?

[*Defendant*]: Yes. I uploaded it to my account on Flickr.

On this factual basis, the trial court accepted defendant's guilty plea. Defendant's presentence investigation report (PSIR) reflected that hundreds of images and video files containing child pornography were found in two online accounts that defendant maintained and controlled.

## II. ANALYSIS

"Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the

scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id.*

OV 12 of the sentencing guidelines addresses contemporaneous felonious acts. See MCL 777.42. MCL 777.42 provides, in pertinent part:

> (1) Offense variable 12 is contemporaneous felonious criminal acts. Score offense variable 12 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> (a) Three or more contemporaneous felonious criminal acts involving crimes against a person were committed ................................................. 25 points
>
> * * *
>
> (2) All of the following apply to scoring offense variable 12:
>
> (a) A felonious criminal act is contemporaneous if both of the following circumstances exist:
>
> (*i*) The act occurred within 24 hours of the sentencing offense.
>
> (*ii*) The act has not and will not result in a separate conviction

In *People v McGraw*, 484 Mich 120, 125; 771 NW2d 655 (2009), our Supreme Court explained that the plain language of OV 12 specifically requires courts to consider behavior outside the sentencing offense. Subsequently, this Court explained that when scoring OV 12, "a court must look beyond the sentencing offense and consider *only* those separate acts or behavior that did *not* establish the sentencing offense." *People v Light*, 290 Mich App 717, 723; 803 NW2d 720 (2010) (emphasis added).

After we initially denied leave to appeal in the present case, our Supreme Court decided *People v Carter*, 503 Mich 221; 931 NW2d 566 (2019). In *Carter*, a defendant "fired three shots," in quick succession, "through a door of an apartment he knew to be occupied." *Id*. at 223. The defendant was convicted of one count of assault with intent to commit great bodily harm. *Id*. At sentencing, the trial court assessed 10 points under OV 12. After reviewing the record, our Supreme Court determined that the prosecutor relied on all three shots to establish the basis for the defendant's conviction. *Id*. at 227-228. Therefore, our Supreme Court held that the trial court erred when it determined that two of the three shots were beyond the sentencing offense and assessed 10 points under OV 12. *Id*. at 230. Notably, our Supreme Court explained that it limited its "holding to these facts because the prosecution relied on all three gunshots to establish" the sentencing offense. *Id*. at 229.

In this case, defendant argues that the trial court erred when it assessed 25 points under OV 12 because defendant did not commit three or more contemporaneous felonious acts. Defendant's argument lacks merit. In establishing a factual basis for defendant's conviction of producing child sexually abusive material in violation of MCL 750.145(c)(2) (a crime against a person, MCL 777.16g(1)), the prosecutor relied on one of three videos defendant made on the

same day. The prosecutor also relied on the same individual video to establish defendant's CSC-II conviction. Because the trial court relied on only this one video in establishing defendant's plea, only this one video constituted the underlying basis for the sentencing offenses of producing child sexually abusive material and CSC-II. See *Carter*, 503 Mich at 229-230. Defendant's PSIR reflected that defendant also produced two additional videos on that same day. These acts, identical in pertinent part to the sentencing offense of producing child sexually abusive material, could have constituted additional felonious acts under the same statute, MCL 750.145c(2). He admitted using his cell phone to record the three videos, which could have constituted additional felonious acts under MCL 752.796 (using a computer to commit a crime). He also possessed 64 files of child pornography on one of his Flickr accounts and 142 additional files of child pornography on another of his Flickr accounts, which could have constituted additional felonious acts under MCL 750.145c(4) (possession of child sexually abusive material).

Again, in *Carter*, our Supreme Court held that although the defendant fired three gunshots, all three shots were a part of the single sentencing offense because the prosecutor relied on all three shots in order to obtain a conviction. *Carter*, 503 Mich at 228-230. In this case, the trial court only relied on one of the three contemporaneous videos to establish the factual basis for defendant's plea. Based on the other two videos, the use of a cell phone to commit a crime, and possession of additional child pornography, there was more than sufficient grounds for the trial court to conclude that defendant committed three or more contemporaneous felonious acts beyond the sentencing offense.

Affirmed.

/s/ David H. Sawyer
/s/ Michael J. Kelly
/s/ Brock A. Swartzle