*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TREVIN MICHAEL TEIKE,

Defendant-Appellant.

FOR PUBLICATION
October 12, 2023
9:00 a.m.

No. 363705
Emmet Circuit Court
LC No. 22-005348-FH

Before: BOONSTRA, P.J., and BORRELLO and FEENEY, JJ.

BOONSTRA, P.J.

Defendant entered a no-contest plea to one count of reckless driving causing serious impairment of a body function, MCL 257.626(3). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to a prison term of 65 months to 20 years, with credit for 100 days served. Defendant appeals his sentence by leave granted.[1] We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On January 27, 2022, a three-vehicle automobile accident occurred on Atkins Road in Emmet County. A Michigan State Police trooper responding to the scene spoke with a witness who stated that defendant, the driver of a pickup truck involved in the accident, had repeatedly crossed the centerline, had nearly struck a school bus (with children aboard), and had collided with the other two vehicles involved in the accident. The trooper noted that defendant appeared to be intoxicated, was slurring his words, and had poor dexterity. Defendant admitted to the trooper that he had used Suboxone, a controlled substance for which he claimed to have had a prescription. Suboxone was found on defendant's person. Defendant failed a field-sobriety test and was placed under arrest. He later stated that he had taken three prescription benzodiazepine tablets the night before and that marijuana and Suboxone would be found if his blood was tested. He refused to submit to a blood draw. The Michigan State Police subsequently obtained a warrant for the blood

---

[1] *People v Teike*, unpublished order of the Court of Appeals, entered December 20, 2022 (Docket No. 363705).

draw. Defendant's blood test revealed numerous controlled substances, including fentanyl, amphetamine, and methamphetamine, in his bloodstream.

The driver of one of the other involved vehicles suffered a broken leg and required surgery and physical therapy; her minor daughter was in the vehicle at the time of the accident and suffered from psychological trauma requiring counseling. The driver of the third vehicle suffered a closed-head injury, resulting in memory and mobility issues, and a broken sternum.

Defendant entered a no-contest plea to one count of reckless driving causing serious impairment, in return for the dismissal of several other charges. At sentencing, defendant objected to the scoring of offense variables (OVs) 3, 9, 12, and 19. The trial court assessed 25 points each for OVs 3 and 9, and ten points each for OVs 12 and 19. Defendant's sentencing guidelines range was calculated at 22 to 76 months. The trial court sentenced defendant as described. This appeal followed.

## II. OFFENSE VARIABLES

Defendant argues that the trial court erred in scoring OVs 3, 9, 12, and 19. We agree that OVs 12 and 19 were erroneously scored. However, OVs 3 and 9 were properly scored, and because the errors in scoring did not affect defendant's guidelines range, resentencing is not required.

"This Court reviews for clear error a trial court's findings in support of a particular score under the sentencing guidelines but reviews de novo whether the trial court properly interpreted and applied the sentencing guidelines to the findings." *People v McFarlane*, 325 Mich App 507, 531-532; 926 NW2d 339 (2018). We review de novo issues of statutory construction. *People v Gerhard*, 337 Mich App 680, 685; 976 NW2d 907 (2021). Clear error exists when this Court is "left with a definite and firm conviction that a mistake was made." *People v Abbott*, 330 Mich App 648, 654; 950 NW2d 478 (2019). "Under the sentencing guidelines, the circuit court's factual determinations . . . must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013), superseded by statute on other grounds as stated by *People v Rodriguez*, 327 Mich App 573, 579 n 3; 935 NW2d 51 (2019).

"Offense variables must be scored giving consideration to the sentencing offense alone, unless otherwise provided in the particular variable." *People v McGraw*, 484 Mich 120, 133; 771 NW2d 655 (2009). The "sentencing offense" for purposes of scoring OVs is "the crime of which the defendant has been convicted and for which he or she is being sentenced." *People v Carter*, 503 Mich 221, 227; 931 NW2d 566 (2019) (quotation marks and citation omitted).

### A. OV 3

Defendant argues that the trial court erred by assessing 25 points for OV 3. We disagree. OV 3 addresses "physical injury to a victim." MCL 777.33(1). A sentencing court is required to assess 25 points for OV 3 when "[l]ife threatening or permanent incapacitating injury occurred to a victim." MCL 777.33(1)(c). "Ten points are assessed when 'bodily injury requiring medical treatment occurred to a victim[.]' " *People v Chaney*, 327 Mich App 586, 589; 935 NW2d 66 (2019), quoting MCL 777.33(1)(d) (alteration in *Chaney*). A sentencing court "can only take into consideration defendant's sentencing offense for purposes of scoring OV 3." *People v Biddles*, 316 Mich App 148, 165; 896 NW2d 461 (2016).

"When calculating sentencing guidelines, the trial court may consider all record evidence, including the presentence investigation report (PSIR), plea admissions, and testimony. The trial court may also consider victim-impact statements, and may make reasonable inferences from evidence in the record." *People v Montague*, 338 Mich App 29, 55; 979 NW2d 406 (2021) (citation omitted).

In this case, the trial court assessed 25 points for OV 3, concluding that "with respect to both victims in this case, there has been a permanently incapacitating injury that has occurred." That assessment was supported by a preponderance of the evidence. *Hardy*, 494 Mich at 438. One of the other drivers testified that she had suffered a broken leg that required surgery; in her victim-impact statement, she stated that she still suffered mobility issues and required a wheelchair, and that she was still undergoing physical therapy. The other driver stated in her victim-impact statement that she continued to suffer memory and concentration issues as a result of her head injury, and that she was "instructed that it would take some time until the extent and effects of the closed head injury would be known." The evidence available to the trial court was that two victims of defendant's offense had been severely injured in ways that continued to significantly incapacitate them in their daily lives, and that it was very possible they would never fully recover. Defendant's argument, in essence, is that the victims *might* make a full recovery. But one victim will be left with metal plates and pins in her leg, with the attendant risk of future surgeries, while the other will continue to suffer long-term changes to her cognition and memory. Moreover, both victims expressed that there was a significant likelihood that their incapacities would be permanent. On this record, the trial court did not abuse its discretion by assessing 25 points for OV 3. *Hardy*, 494 Mich at 438.

## B. OV 9

Defendant also argues that the trial court erred by assessing 25 points for OV 9. OV 9 addresses the "number of victims." MCL 777.39(1). A sentencing court must assess 25 points for OV 9 if "[t]here were 10 or more victims who were placed in danger of physical injury or death . . . ." MCL 777.39(1)(b). Ten points are assessed if "[t]here were 2 to 9 victims who were placed in danger of physical injury or death . . . ." MCL 777.39(1)(c). OV 9 requires the counting of "each person who was placed in danger of physical injury or loss of life . . . as a victim." MCL 777.39(2)(a). "A person may be a victim under OV 9 even if he or she did not suffer actual harm; a close proximity to a physically threatening situation may suffice to count the person as a victim." *People v Gratsch*, 299 Mich App 604, 624; 831 NW2d 462 (2013), vacated in part on other grounds 495 Mich 876 (2013). "OV 9 does not provide for consideration of conduct after completion of the sentencing offense." *McGraw*, 484 Mich at 133-134. Therefore, only the conduct surrounding the sentencing offense should be considered when scoring OV 9. *Id*. at 134.

In this case, the trial court assessed 25 points for OV 9 based on its finding that ten or more persons were placed in danger, including the drivers of both other vehicles involved in the accident, the minor passenger of one of the drivers, and the driver and 16 minor passengers of a school bus that defendant nearly struck when he crossed the centerline of the road immediately before the collision. Defendant does not dispute that he crossed the centerline of the road and nearly struck a school bus containing 16 children. Rather, he argues that his conduct surrounding the sentencing offense of reckless driving causing serious impairment of a body function did not impact the occupants of the school bus; in other words, he asserts that the trial court impermissibly considered conduct outside the sentencing offense in scoring this variable. *McGraw*, 484 Mich at 133-134. We disagree.

When defendant crossed the centerline and nearly struck the school bus, he was already engaged in the act of reckless driving. See MCL 257.626(2) (stating that "a person who operates a vehicle upon a highway or a frozen public lake, stream, or pond or other place open to the general public, including, but not limited to, an area designated for the parking of motor vehicles, in willful or wanton disregard for the safety of persons or property is guilty of" reckless driving). That conduct was not completed until the collision that brought defendant's vehicle to a stop and caused a serious impairment of body function. At that point the occupants of the school bus had already been placed in "close proximity to a physically threatening situation." See *Gratsch*, 299 Mich App at 624. Therefore, the trial court properly considered the occupants of the school bus when scoring this variable. See *McGraw*, 484 Mich at 134. Although defendant cursorily argues that the trial court's scoring of this OV punishes him for "hypothetical danger," the law is clear that persons who are placed in danger, but are not actually physically harmed, must be counted in scoring this OV. The trial court did not abuse its discretion by assessing 25 points for OV 9. *Hardy*, 494 Mich at 438.

## C. OV 12

Defendant also argues that the trial court erred by assessing ten points for OV 12. We agree. OV 12 addresses "contemporaneous felonious criminal acts." MCL 777.42(1). Ten points are assessed for OV 12 when "[t]wo contemporaneous felonious criminal acts involving crimes against a person were committed," MCL 777.42(1)(b), or when "[t]hree or more contemporaneous felonious criminal acts involving other crimes were committed," MCL 777.42(1)(c). "A felonious criminal act is contemporaneous if both of the following circumstances exist: (*i*) The act occurred within 24 hours of the sentencing offense[; and] (*ii*) The act has not and will not result in a separate conviction." MCL 777.42(2)(a). "[W]hen scoring OV 12, a court must look beyond the sentencing offense and consider only those separate acts or behavior that did not establish the sentencing offense." *People v Light*, 290 Mich App 717, 723; 803 NW2d 720 (2010).

When assessing points for OV 12, a court may consider uncharged offenses so long as, if the information is challenged, the facts are "substantiated by a preponderance of the evidence." *People v Golba*, 273 Mich App 603, 614; 729 NW2d 916 (2007). However, "the language of OV 12 clearly indicates that the Legislature intended for contemporaneous felonious criminal acts to be acts other than the sentencing offense and not just other methods of classifying the sentencing offense." *Light*, 290 Mich App at 726. Therefore, the appropriate inquiry is "whether the 'sentencing offense' can be separated from other distinct 'acts.'" *Carter*, 503 Mich at 227 (citations omitted).

In this case, defendant was originally charged with four offenses. In addition to the reckless driving causing serious impairment charge (count four of the original information), he was charged with operating a vehicle while intoxicated causing serious impairment (count one), operating a vehicle with a suspended license causing serious impairment (count two), and operating a vehicle while intoxicated, third offense (count three). The latter three charges were dismissed as part of defendant's plea agreement. The trial court based its score for OV 12 on counts one and two, finding that they represented two contemporaneous felonious acts involving crimes against a person. Defendant does not argue that the acts underlying these dismissed charges did not occur within 24 hours of the sentencing offense or that they will not result in separate convictions. Rather, defendant argues that the acts underlying the dismissed charges are not "separate acts or behavior that did not establish the sentencing offense." *Light*, 290 Mich App at 723. We agree.

As a threshold issue, we note that defendant also asserts that one of the two dismissed charges in question was not a crime against a person. But MCL 777.12f provides that operating a vehicle while intoxicated causing serious impairment, MCL 257.625(5)(a), is a crime against a person, and MCL 777.12h provides that operating a vehicle without a license causing serious impairment, MCL 257.904(5), is also a crime against a person. Defendant is therefore simply incorrect in that regard.

We agree, however, with defendant that the acts underlying the uncharged offenses were not separate from the acts underlying the sentencing offense. It appears from the record that the prosecution has conflated the analysis required under OV 12 with a double-jeopardy analysis regarding whether a defendant could be convicted of multiple offenses stemming from the same conduct; indeed, the prosecution relies solely on cases that do not involve OV 12 at all. See *People v Nutt*, 469 Mich 565; 677 NW2d 1 (2004); *People v Fredell*, 340 Mich App 221; 985 NW2d 837 (2022). At sentencing, the prosecution even essentially conceded defendant's argument that defendant's conduct only consisted of one act of reckless driving, stating that "[defendant] can be convicted even though it's one act." On appeal, the prosecution continues to cite double-jeopardy cases and argue that the dismissed charges relied upon by the trial court "were not the same crimes" as the sentencing offense. But "a determination of whether an offender has engaged in multiple 'acts' for the purposes of OV 12 does not depend on whether he or she could have been charged with other offenses for the same conduct." *Carter*, 503 Mich at 227. What matters under OV 12 is whether the acts alleged to be contemporaneous felonious acts can be separated from the sentencing offense—in other words, whether they were used to establish elements of the sentencing offense. See *Carter*, 503 Mich at 229.

At the plea hearing, the trial court accepted defendant's no-contest plea and held that "the factual basis has been satisfied by the affidavit of probable cause." The affidavit of probable cause, filed by the arresting officer, asserted that defendant had acted in a willful and wanton disregard for the safety of others by operating his vehicle under the influence of Suboxone, despite being aware of its potential effects on his ability to drive. Therefore, defendant's conduct in operating his vehicle while intoxicated was used to establish an element of the sentencing offense, and therefore cannot be used to establish separate felonious acts for the purposes of scoring OV 12. See *Carter*, 503 Mich at 229. Further, both the sentencing offense and the dismissed charges were based on defendant's single act of operating a motor vehicle. Under the facts of this case, we conclude that the trial court abused its discretion by scoring ten points for OV 12.[2] *Hardy*, 494 Mich at 438.

D. OV 19

Defendant argues that the trial court erred by assessing ten points for OV 19. We agree. OV 19 applies if there was a "threat to the security of a penal institution or court or interference with the administration of justice or the rendering of emergency services." MCL 777.49. A sentencing court must assess ten points for OV 19 if, in relevant part, "[t]he offender . . . interfered

---

[2] We do not foreclose the possibility that, under a different set of circumstances, a defendant's conduct during a single period of driving may give rise to acts that are separate from those underlying the sentencing offense. *Carter*, 503 Mich at 229-230. But such circumstances have not been established in this case.

with or attempted to interfere with the administration of justice. . . ." MCL 777.49(c). Interference with the administration of justice "encompasses more than just the actual judicial process," and the conduct need not "necessarily rise to the level of a chargeable offense" or constitute obstruction of justice. *People v Barbee*, 470 Mich 283, 287-288; 681 NW2d 348 (2004). This Court has determined that "the plain and ordinary meaning of 'interfere with the administration of justice' for purposes of OV 19 is to oppose so as to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *People v Hershey*, 303 Mich App 330, 343; 844 NW2d 127 (2013). A trial court may properly assess points for OV 19 on the basis of a defendant's conduct after completing the sentencing offense. *People v Smith*, 488 Mich 193, 195, 202; 793 NW2d 666 (2010).

In this case, the trial court assessed defendant ten points for OV 19 on the basis of his refusal to submit to a blood draw upon police request. The implied consent statute, MCL 257.625c, provides, in relevant part:

> (1) A person who operates a vehicle upon a public highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state is considered to have given consent to chemical tests of his or her blood, breath, or urine for the purpose of determining the amount of alcohol or presence of a controlled substance or other intoxicating substance, or any combination of them, in his or her blood or urine or the amount of alcohol in his or her breath in all of the following circumstances:

> (a) If the person is arrested for a violation of section 625(1), (3), (4), (5), (6), (7), or (8), section 625a(5), or section 625m or a local ordinance substantially corresponding to section 625(1), (3), (6), or (8), section 625a(5), or section 625m.

> \* \* \*

> (3) The tests shall be administered as provided in section 625a(6).

Defendant was indisputably operating a vehicle upon a public highway and was arrested, in part, for operating a vehicle while intoxicated. See MCL 257.625(1). Consequently, he was considered under MCL 257.625c to have consented to chemical tests of his blood. However, the implied consent statute also states that chemical tests "shall be administered as provided in [MCL 257.625a(6)]." MCL 257.625c(3).

MCL 257.625a(6) provides, in relevant part:

> The following provisions apply to chemical tests and analysis of a person's blood, urine, or breath, other than a preliminary chemical breath analysis:

> (a) The amount of alcohol or presence of a controlled substance or other intoxicating substance in a driver's blood or urine or the amount of alcohol in a person's breath at the time alleged as shown by chemical analysis of the person's blood, urine, or breath is admissible into evidence in any civil or criminal proceeding and is presumed to be the same as at the time the person operated the vehicle.

-6-

(b) A person arrested for a crime described in [MCL 257.625c(1)] must be advised of all of the following:

(*i*) If he or she takes a chemical test of his or her blood, urine, or breath administered at the request of a peace officer, he or she has the right to demand that a person of his or her own choosing administer 1 of the chemical tests.

* * *

(*iv*) If he or she refuses the request of a peace officer to take a test described in subparagraph (*i*), a test must not be given without a court order, but the peace officer may seek to obtain a court order.

(*v*) Refusing a peace officer's request to take a test described in subparagraph (*i*) will result in the suspension of his or her operator's or chauffeur's license and vehicle group designation or operating privilege and in the addition of 6 points to his or her driver record.

Under MCL 257.625(a)(6)(b), a police officer may request that an arrestee take a chemical test. If the arrestee refuses, the police officer may seek a court order, and the arrestee will suffer consequences in the form of license suspension and points on his driving record. In other words, MCL 257.625a contemplates that an arrestee may refuse to submit to a chemical test, and in that event it provides both for alternative means for a police officer to secure the test (a court order) and consequences for the arrestee (suspension of license and driving privileges and the addition of driver record points).

We conclude that because MCL 257.625a permits an arrestee to make a choice and requires that he be informed of his right to make it, his exercise of that right cannot be found to have hampered, hindered, or obstructed the act or process of administering judgment for purposes of assessing points for OV 19. Defendant's refusal of the test violated neither the implied consent statute nor MCL 257.625a—indeed, that refusal, being expressly permitted by those statutes, was consistent with the administration of justice under the statutes. To hold otherwise would implicate constitutional concerns regarding warrantless searches, and would engraft an additional consequence onto MCL 257.625a that the Legislature did not see fit to provide; this Court should avoid doing either. See *Sole Mich Economic Dev Corp*, 509 Mich 406, 419; 983 NW2d 733 (2022); see also *Sanford v Mich*, 506 Mich 10, 14-15; 954 NW2d (2020). Moreover, "[t]here must be some daylight between attempting to interfere with the administration of justice and simply not assisting in or helping facilitate a criminal investigation." *People v Deweerd*, ___ Mich ___, ___; 990 NW2d 864, 865 (2023). The record does not show that defendant hampered, or attempted to hamper, police officers in obtaining a court order to draw and test his blood; he simply refused to consent to such a test, as was his right under the law (with attendant consequences). Under the facts of this case, OV 19 was not implicated.

E.  RESENTENCING NOT REQUIRED

As stated, we conclude that the trial court erred by assessing ten points each for OVs 12 and 19. However, because we have found no error in the trial court's scoring of the other challenged offense variables, these scoring errors were harmless. Reducing defendant's OV 12 and 19 scores from ten to zero points would not change defendant's OV level or his sentencing

guidelines range. MCL 777.66. Therefore, resentencing is not required. See *People v Francisco*, 474 Mich 82, 89-90; 711 NW2d 44 (2006).

### III. PROPORTIONALITY

Defendant also cursorily argues that his sentence was disproportionate. Defendant's argument seems to be primarily based on the scoring errors he alleges the trial court committed; as discussed, we find no such errors apart from OVs 12 and 19, and those errors did not alter defendant's guidelines range. But to the extent defendant argues that his sentence was disproportionate apart from the scoring of the challenged OVs, we disagree.

"This Court reviews the proportionality of a trial court's sentence for an abuse of discretion." *People v Lydic*, 335 Mich App 486, 500; 967 NW2d 847 (2021) (quotation marks and citation omitted). "A given sentence constitutes an abuse of discretion if that sentence violates the principle of proportionality . . . ." *Id.* (quotation marks and citation omitted; ellipsis in original). "[T]he principle of proportionality simply requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id.* at 501 (quotation marks and citations omitted).

Michigan's sentencing guidelines are now advisory only, but trial courts must still consult the guidelines and take them into account during sentencing. *People v Lockridge*, 498 Mich 358, 391; 870 NW2d 502 (2015), cert den 577 US 1043 (2015). Appellate courts are no longer required to affirm within-guidelines sentences absent an error in the sentencing guidelines scoring or inaccurate information relied upon by the trial court in sentencing. *People v Posey*, ___ Mich ___, ___ (2023) (Docket No. 162373); slip op at 4. However, sentences that fall within the properly-calculated sentencing guidelines minimum range are rebuttably presumed to be proportionate. *Id.* at ___; slip op at 33-34 (opinion by BOLDEN, J.).

Defendant has identified no facts or caselaw that would compel a finding of disproportionality despite the accuracy of his sentencing guidelines range. The 65-month minimum sentence imposed by the trial court was on the high end of the guidelines, but was not the maximum. On this record, we perceive no reason why the presumption of proportionality should not stand. *Id.*; see also *People v Sabin (On Second Remand)*, 242 Mich App 656, 661; 620 NW2d 19 (2000) ("A] trial court has been given broad discretion, within limits fixed by law, to tailor a sentence to the circumstances of each case and each offender, in an effort to balance society's need for protection against its interest in rehabilitation of the offender.").

Affirmed.

/s/ Mark T. Boonstra
/s/ Stephen L. Borrello
/s/ Kathleen A. Feeney