*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MICHAEL JAMES HILTON,

Defendant-Appellant.

UNPUBLISHED
November 30, 2023

No. 363093
Tuscola Circuit Court
LC No. 21-015399-FC

Before: RIORDAN, P.J., and CAVANAGH and GARRETT, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] his guilty-plea convictions of carjacking, MCL 750.529a; armed robbery, MCL 750.529; and assault with a dangerous weapon (felonious assault), MCL 750.82. Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to concurrent terms of 12 to 25 years' imprisonment for each of his carjacking and armed robbery convictions, and 10 to 15 years' imprisonment for his conviction of felonious assault. We vacate his carjacking sentence and remand to the trial court for resentencing on this matter.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

In February 2021, defendant asked the victim for a ride. After a short drive, defendant showed the victim a tire iron in a threatening manner and demanded that he exit the car. Defendant then drove away. He pleaded guilty and was sentenced as noted.[2] Defendant subsequently moved for resentencing, arguing that the trial court improperly scored offense variables (OVs) 4, 12, and

---

[1] *People v Hilton*, unpublished order of the Court of Appeals, entered January 10, 2023 (Docket No. 363093).

[2] As part of his plea agreement, the trial court dismissed a charge of unlawful driving away of an automobile (UDAA), MCL 750.413.

13; sentenced him on inaccurate information; and trial counsel was ineffective for failing to object to these errors at sentencing.

The trial court found that OV 4 was improperly scored. The trial court amended OV 4 from 10 points to zero points but left the remaining OVs unchanged, finding that they were properly scored. The trial court also disagreed that defendant was sentenced on incorrect information or provided ineffective assistance of counsel. Because the trial court determined that the 10-point reduction in defendant's OV score did not alter the minimum sentence guidelines range, the motion for resentencing was denied.[3] This appeal followed.

## II. DISCUSSION

Defendant argues that (1) the sentencing guidelines were incorrectly scored; (2) his sentence was based on inaccurate information, which violated his due-process rights; and (3) trial counsel was ineffective by failing to object to these errors at sentencing. We disagree with those specific arguments. However, during the post-sentencing motion hearing, the trial court committed clear error when it did not adjust his sentencing guidelines for carjacking.

## A. STANDARD OF REVIEW

Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo. [*People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013) (footnotes omitted), superseded in part by statute as stated in *People v Rodriguez*, 327 Mich App 573, 579 n 3; 935 NW2d 51 (2019).]

"When reviewing an ineffective assistance of counsel claim, this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of law." *People v Shaw*, 315 Mich App 668, 671-672; 892 NW2d 15 (2016). However, because there was no evidentiary hearing, our review is limited to errors apparent on the record. *People v Crews*, 299 Mich App 381, 400; 829 NW2d 898 (2013).

## B. LAW AND ANALYSIS

A defendant is entitled to be resentenced if "there has been a scoring error or inaccurate information has been relied upon." *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006). Before reaching the merits of defendant's arguments, we address a separate issue which neither party expressly identified, but which entitles defendant to resentencing on one of his convictions.

---

[3] During the hearing, the prosecution informed the trial court that resentencing was not required because "[w]ith the new OV score, that would now be 27 points. And under the A grid, that would still remain level 2. So, the range would still remain 108 to 360."

There were two sentencing information reports (SIRs) generated for sentencing in this case, one each for defendant's carjacking and armed-robbery convictions.[4] These are both Class A felonies. MCL 777.16y. The prior record variable (PRV) scores were calculated identically for each crime, have not been disputed on appeal, and correspond to PRV Level E. See MCL 777.62. The SIR for the carjacking conviction reflected a total OV score of 42 points, which corresponded to OV Level III, placing him in Cell E-III of the guidelines. See *id*. This caused the guidelines range for the carjacking conviction to be 126 to 420 months' imprisonment. *Id*. See also MCL 777.21(3)(c). The SIR for the armed robbery conviction reflected a total OV score of 37 points, which corresponded to OV Level II, placing him in Cell E-II of the guidelines. See MCL 777.62. This caused the guidelines range for the armed-robbery conviction to be 108 to 360 months' imprisonment. *Id*. See also MCL 777.21(3)(c). The difference in scoring occurred because defendant's use of a tire iron as a weapon warranted assignment of five points under OV 1 for the carjacking conviction, MCL 777.31(1)(e) (requiring the assessment of five points when "[a] weapon was displayed or implied"), but the same could not be considered for the armed-robbery conviction, MCL 777.31(2)(e) ("Do not score 5 points if the conviction offense is a violation of . . . MCL 750.529."). When defendant was sentenced, the trial court acknowledged these differing guidelines ranges before imposing the sentences noted above.

At the post-sentencing motion hearing, the trial court found that OV 4 was improperly assessed 10 points and corrected the score to zero points. The trial court apparently was unaware that there was more than one SIR, so it only addressed the one related to the armed-robbery conviction. Changing OV 4 to zero points does not affect the OV level for armed robbery because the range of OV scores for OV Level II is 20 to 39 points. MCL 777.62. Thus, a reduction from 37 points to 27 points did not result in a cell change for that conviction. See *id*. It does, however, move defendant from OV Level III to OV Level II for the carjacking conviction. *Id*. This is because the range of OV scores corresponding with OV Level III is 40 to 59 points, which means that a reduction from 42 points to 32 points does move the cell. Once the trial court amended defendant's OV score by reducing it by 10 points, the guidelines range for defendant's carjacking conviction was changed to 108 to 360 months' imprisonment. *Id*. See also MCL 777.21(3)(c). Defendant originally was sentenced on the basis of a guidelines range of 126 to 420 months' imprisonment for the carjacking conviction. Thus, defendant is entitled to be resentenced for his carjacking conviction. See *People v Reynolds*, 508 Mich 388, 396; 975 NW2d 821 (2021) ("[W]hen two or more offenses fall within the same crime class and it is the highest applicable

---

[4] Ordinarily, "the trial court [is] not required to independently score the guidelines for and sentence the defendant on each of his concurrent convictions if the court properly scored and sentenced the defendant on the conviction with the highest crime classification." *People v Lopez*, 305 Mich App 686, 690; 854 NW2d 205 (2014). "The rationale for this legislative scheme is fairly clear because, except in possibly an extreme and tortured case, the guidelines range for the conviction with the highest crime classification will be greater than the guidelines range for any other offense." *Id*. at 691. "However, when there are multiple convictions of the same crime class and that shared crime class is the highest crime class, each of those convictions must be scored." *People v Reynolds*, 508 Mich 388, 393; 975 NW2d 821 (2021) (quotation marks and citations omitted). Here, because both carjacking and armed robbery are Class A felonies, see MCL 777.16y, two SIRs were necessary.

crime class, then not only must each offense be scored, but the defendant must also be sentenced based on the respective minimum sentencing guidelines ranges for each offense.").

Turning to the merits of this appeal, defendant argues that OVs 12 and 13 were erroneously scored. We disagree.

"Offense variable 13 is continuing pattern of criminal behavior." MCL 777.43(1). An assessment of 25 points is warranted when "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person." MCL 777.43(1)(c).

"If no pattern of felonious criminal activity existed, the trial court must score OV 13 at zero points." *People v Carll*, 322 Mich App 690, 704; 915 NW2d 387 (2018). Further, when "determining the appropriate points under this variable, all crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction." *Id*. (quotation marks and citations omitted).

Defendant argues that his offenses were not a pattern of felonious criminal activity because they occurred contemporaneously during the same overall criminal activity, the car theft. However, we have held that separate crimes occurring at the same time may constitute a pattern of criminal activity. In *People v Gibbs*, 299 Mich App 473, 488; 830 NW2d 821 (2013), we explained that the defendant committed "three separate acts against each of the three victims[,] and these three distinct crimes constituted a pattern of criminal activity." We reasoned that "because multiple concurrent offenses arising from the same incident are properly used in scoring OV 13, the trial court did not err by assessing 25 points for that variable." *Id*.

In this case, defendant pleaded guilty to three crimes: carjacking, armed robbery, and felonious assault. The offenses are separate felonious acts, distinguishable from each other because their respective criminal elements are different. In addition, the crimes were committed against the same victim, a person. Because defendant's sentencing offenses were a part of a pattern of criminal activity occurring within a five-year period, the trial court correctly assigned 25 points for OV 13, and defendant is not entitled to resentencing on this ground.

Next, defendant argues that OV 12 was improperly scored because the dismissed count of UDAA and the sentencing offense of carjacking are the same crime.

"[OV] 12 is contemporaneous felonious criminal acts." MCL 777.42(1). An assessment of one point is warranted when "[o]ne contemporaneous felonious criminal act involving any other crime was committed." MCL 777.42(1)(f). When scoring OV 12, "[a] felonious criminal act is contemporaneous if . . . [t]he act occurred within 24 hours of the sentencing offense . . . [and] the act has not and will not result in a separate conviction." MCL 777.42(2)(a). Our Supreme Court has defined the "sentencing offense in the context of OVs as the crime of which the defendant has been convicted and for which he or she is being sentenced." *People v Carter*, 503 Mich 221, 227; 931 NW2d 566 (2019) (quotation marks and citation omitted). "Therefore, when scoring OV 12, a court must look beyond the sentencing offense and consider only those separate acts or behavior that did not establish the sentencing offense." *People v Light*, 290 Mich App 717, 723; 803 NW2d 720 (2010).

As noted above, defendant pleaded guilty to one count of carjacking, and the UDAA charge was dismissed as part of his plea agreement. In addition to carjacking, defendant pleaded guilty to two other offenses, armed robbery and felonious assault, meaning that those offenses resulted in separate convictions. Consequently, armed robbery and felonious assault do not factor into the scoring of OV 12 when addressing the carjacking conviction. See *id*. At issue is whether the dismissed UDAA charge is a contemporaneous felonious criminal act distinct from the sentencing crime. If it is, the trial court was correct in assessing one point for OV 12. See MCL 777.42(1)(e).

Although UDAA and carjacking are similar offenses, they are not the same. Our Supreme Court has held that "UDAA requires proof that defendant moved the vehicle, which carjacking does not, and carjacking requires proof of the use of force or violence, or the threat thereof, which UDAA does not." *People v Cain*, 495 Mich 874, 875 (2013). Accordingly, defendant committed UDAA as a separate act within the same 24-hour period as the carjacking. Further, because the UDAA charge was dismissed, it did not result in a separate conviction, even though it is a separate crime. This satisfies both prongs of OV 12. Therefore, the trial court correctly scored OV 12, and defendant is not entitled to resentencing on this ground.

Next, defendant argues that inaccurate information was relied upon by the trial court during sentencing. In this regard, in a victim-impact statement, the victim's sister stated that doctors attributed an aneurysm suffered by the victim to the stress caused by the incident. At sentencing, the prosecution mentioned the aneurysm during its argument. Defendant requests that we vacate his sentences and remand to the trial court for resentencing because there was no evidence that the victim's aneurysm was caused by the trauma of these crimes. Defendant further implies that the trial court might have relied upon this inaccurate information during sentencing.

A defendant is entitled to be sentenced "on the basis of accurate information." *People v McGraw*, 484 Mich 120, 131; 771 NW2d 655 (2009). "When the defendant's sentence is based . . . on inaccurate information, a remand for resentencing is required." *People v Jackson*, 487 Mich 783, 792; 790 NW2d 340 (2010) (emphasis omitted). "[S]entences based on inaccurate information are invalid." *People v Miles*, 454 Mich 90, 96; 559 NW2d 299 (1997). Importantly, however, inaccurate information invalidates a sentence only if the trial court relied on it or, stated otherwise, the sentences were "based on" the inaccurate information or belief. *Id.* In this case, the record does not suggest that the trial court relied upon the aneurysm when sentencing defendant. To the contrary, the trial court assessed zero points for OV 3, which corresponds to "[n]o physical injury occurred to a victim." MCL 777.33(1)(f). An aneurysm certainly would be such a physical injury, yet it was not factored into OV 3. This suggests that the trial court did not rely on the aneurysm when sentencing defendant. Further, as noted, while the aneurysm might have originally been considered as the basis for scoring OV 4, that offense variable was ultimately scored at zero points.

Absent use of the aneurysm when calculating the OV scores, defendant contends that the trial court might have generally relied upon the information when deciding his sentences. Defendant argues that his due-process rights were violated because the judge who heard his motion for resentencing did not wait to ask the sentencing judge if she relied on the aneurysm when sentencing defendant. This reasoning misses the mark. Defendant has the burden of proving that there was inaccurate information on which the trial court relied during sentencing. *People v Odom*, 327 Mich App 297, 314; 933 NW2d 719 (2019). Defendant did not provide the trial court with

-5-

any evidence that the victim did not have an aneurysm or that it potentially was caused by the crime. Instead, defendant merely identifies the lack of medical records supporting the claim, then declares that it must be false. This simply is not enough to determine that the statement by the victim's sister was false, let alone that the trial court improperly relied on it. Thus, the trial court properly denied defendant's motion for resentencing in this regard. *Id*. In other words, because defendant did not satisfy his burden of proving that the trial court relied on inaccurate information, his claim must fail. *Id*.

Defendant finally argues that trial counsel was ineffective for not objecting to the scoring of OVs 12 and 13 or inaccurate information about the aneurysm. "[I]neffective assistance requires a defendant to show (1) that trial counsel's performance was objectively deficient, and (2) that the deficiencies prejudiced the defendant." *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018). "Effective assistance of counsel is presumed, and a defendant bears a heavy burden to prove otherwise." *People v Swain*, 288 Mich App 609, 643; 794 NW2d 92 (2010). Further, "[f]ailing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Defendant claims that trial counsel was ineffective for failing to object or raise the issues discussed above at sentencing. However, as explained, defendant's specific challenges to the trial court's decisions lacked merit. Consequently, an objection by trial counsel on those grounds would have been futile. Thus, defendant is not entitled to relief for ineffective assistance of counsel. *Id*.

### III. CONCLUSION

For the reasons discussed above, we vacate defendant's carjacking sentence and remand to the trial court for resentencing on that offense.[5] We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Mark J. Cavanagh
/s/ Kristina Robinson Garrett

---

[5] We do not preclude the trial court, on remand, from resentencing defendant on all three convictions. However, because the minimum sentencing guidelines range for the armed-robbery conviction remains unchanged, resentencing is not absolutely required on that matter. See *Reynolds*, 508 Mich at 396.